AMOS H. HARRIS *vs.* SOLOMON CARTER.

Suffolk.   March 29, 30, 1888. — June 21, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Partnership — Division of Profits — Interest on Capital.*

A partnership agreement was silent as to the sharing of profits and as to the allowance of interest. Each of the two partners for twelve years drew out the net earnings and more, the excess drawn out by each being nearly proportionate to the capital put in by him, and the circumstances negatived any intention to pay interest. *Held*, that the profits were to be shared equally, and that interest was not to be allowed on capital or on sums drawn out.

BILL IN EQUITY, between former copartners, for an accounting. The case was heard on the report of a master, and exceptions thereto alleged by the defendant, by *Devens*, J., who reserved it for the consideration of the full court. The facts appear in the opinion.

*H. G. Nichols*, for the defendant.

*G. D. Noyes*, for the plaintiff.

W. ALLEN, J.   The only exceptions taken to the master's report are to his findings that the profits and losses should be equally borne by the partners, and that no interest should be allowed to either partner upon capital or upon sums drawn out.

The oral agreement of copartnership specified the amount of capital to be supplied by each partner, and was silent as to almost every other particular. Nothing was said in it about sharing the profits and losses, or about interest, or about sums to be drawn out by the partners, though it was understood that each partner was to draw out what was necessary for expenses of living. The capital was about $63,000, — $10,000 of which

was put in by Harris, and the rest by Carter, — the services of both partners being of equal value to the firm. The partnership continued for twelve years, with no more definite agreement, each partner drawing what was needed for his personal expenses, and at its dissolution the assets were less than the amount of the capital put in. The profits referred to in the report are the amount of the net earnings so drawn out by the partners. The intention of the parties to share these profits equally is manifest.

There was no agreement that interest should be paid, and the circumstances negative such an intention. Nothing was said about it until after the dissolution of the partnership. The plaintiff had been a salesman with the firm of Carter and Wiley, of which the defendant was a member, on a salary of $3,000, and had also the interest at seven per cent on $10,000 which he lent to the firm, and he gave up his salary and put his money into the new partnership, from which he received upon an average less than $2,500 a year. It was understood that the business was not profitable or prosperous. The average amount of profits was less than $4,500 a year. The whole amount drawn out by both parties during the twelve years exceeded by more than $8,000 the whole amount of the profits. Interest on the capital deducted from the average earnings would have left $700 as the average annual profits. The change from clerk to partner, if interest was to be allowed on capital, would have reduced the plaintiff's income, not borrowed from capital, from $3,700 to $950 a year, to the corresponding advantage of the defendant. Yet the parties went on for twelve years, with the understanding that each should draw out what was necessary for his living expenses, and each in fact drew out one half of the earnings and more, the excess drawn out by each having nearly the proportion to the excess drawn out by the other that the capital put in by him bore to the capital put in by the other. The whole amount drawn out was $64,859, which was $8,560 in excess of the profits. Of this excess, $7,331 was drawn out by the defendant, and $1,229 by the plaintiff, which was nearly the proportion of the capital put in by them.

There can be no doubt that the understanding was that the parties should have a right to draw out what was necessary for

their personal expenses equally to the extent of the profits, and beyond that in the proportions of the capital put in by them respectively. If interest was not to be credited to capital, the plaintiff in fact drew out $127.28 less, and the defendant that amount more, than they were respectively entitled to; if interest was to be allowed on capital, the plaintiff drew out, not only his own capital, but over $6,000 that belonged to the defendant. This result must have been obvious to the parties, had their attention been given to the matter. Annual statements were made by the book-keeper to the parties, which called their attention to the matter of interest on capital, and it is incredible that the parties should have pursued the course they did without mentioning the subject, if they had not understood that interest was not to be allowed. Interest on capital never was computed or included in the annual statements, and the only reference to it in the statements was a memorandum by the book-keeper saying that interest on capital was not computed. The evidence not only fails to show an agreement that interest was to be allowed upon the capital, but affords a strong inference to the contrary.

We think that the findings of the master which were excepted to were correct, and that the account is correctly stated by him in conformity with them.

*Decree for the plaintiff.*