LAWRENCE H.. McMURTRIE *vs.* JAMES GUILER & another.

Suffolk.    March 18, 1903. — May 23, 1903.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Partnership.    Equity Pleading and Practice.*

Where persons associate themselves together to carry on a joint business for their common benefit, to which each contributes property or services, and the profits arising from the business are to be shared among them, a partnership may be found to exist.

In a suit in equity by an alleged partner for a partnership accounting, it is no defence that the agreement by which the plaintiff was admitted into the partnership did not fix the share he was to receive, where the parties agree at the trial that the plaintiff, if entitled to recover, is to receive a certain sum.

A plaintiff in equity may maintain a supplemental bill, either·as such or as an amendment to his original bill, which brings into the case facts which have arisen since the original bill was filed, and which refer to and support the matters already before the court. Thus of a supplemental bill alleging that after the filing of the original bill, for an accounting among partners, the parties entered into an oral agreement as to a partnership accounting between the plaintiff and the defendants, and praying for the enforcement of that agreement.

BILL IN EQUITY, filed December 16, 1901, for an accounting among partners in carrying on the business of contracting and mechanical engineers. Later a supplemental bill was filed, alleging that after the filing of the original bill the parties entered into an oral agreement as to a partnership accounting between the plaintiff and defendants, and praying for the enforcement of that agreement.

The defendants demurred to the supplemental bill, alleging among other grounds that it set up a new and independent cause of action. The Superior Court overruled the demurrer, and the plaintiff appealed. The defendants then filed an answer, and the case was tried before *Richardson,* J., who found that a partnership existed between the parties, and that the defendants owed the plaintiff $900. The defendants alleged exceptions, which were allowed by the judge, with an agreement of the parties, that if the exceptions were overruled, a final decree for the plaintiff might be entered for $900, with interest from April 22, 1902, and costs, from which no appeal should be taken.

*E. W. Burdett,* (*J. Gordon* with him,) for the defendants.

*A. B. White,* for the plaintiff.

BRALEY, J. This case is before us on a bill of exceptions instead of by appeal with a report of the evidence, and the principal question presented for decision is whether there was any evidence to support the finding that as between themselves the parties were partners. While there was some slight difference as to details in the testimony of the plaintiff, enough appeared to show that he was at work on a salary for the defendants, who were contracting and mechanical engineers, when, in consequence of a more advantageous offer which he had received, to induce him to remain with them, they proposed to admit him as a member of the firm. No written articles of partnership were prepared, but it was understood and agreed between them that the plaintiff should receive from the profits of the business at least $2,400, and probably enough more to make the sum of $5,000, as his share for one year. He then ceased to work on a salary, but apparently drew $200 a month during the time, and, at the close of the fiscal year a dispute having arisen as to his relation to the defendants, he left the firm claiming at least one quarter part as his share of the profits.

After the proposition had been made to and accepted by him, he was introduced as a partner, and his name so appeared on the stationery and business cards of the firm. No fractional proportion of the profits which the plaintiff was to receive as his share seems to have been fixed, and while various suggestions were discussed it was finally left unsettled.

While in substance the evidence of the defendants tended to

show that they understood the arrangement to be that the plaintiff was to share in the business of the firm only by way of compensation, and that there was no understanding that he was to be admitted as a member, it appeared that one of them had as a witness in another case stated to the contrary, and had testified that the plaintiff was his partner. On the whole evidence one of two results may be reached, — either that the plaintiff was interested in the business as a member of the firm or that he was at work for the defendants under an agreement that his compensation was to be a share in the profits, and the judge before whom the case was tried found in favor of the plaintiff's contention.

As between themselves and creditors, having represented that they were partners and held themselves out as such, they would be estopped to deny the fact, but in this case no such question arises, and in order to determine their relation to each other their intention must control. If no general definition of the contract of partnership to fit all cases can be given, and each case as it arises must be decided on the facts presented, there seems to be an agreement of the authorities that where persons associate themselves together to carry on a joint business for their common benefit, to which each contributes either property or services, and the profits arising therefrom are to be shared between them, the essential elements of a contract of partnership are made out. *Ryder* v. *Wilcox,* 103 Mass. 24. *Somerby* v. *Buntin,* 118 Mass. 279. *Meehan* v. *Valentine,* 145 U. S. 611, 618. *Pooley* v. *Driver,* 5 Ch. D. 458, 471.

While the firm was not a commercial partnership and it does not appear what property, if any, outside the partnership accounts and profits was owned by them, a community of interest in the profits as such by the plaintiff was sufficient to establish the relation and to entitle him to a decree. *Howe* v. *Howe,* 99 Mass. 71. There was enough to show that a going business enterprise was in existence, to which by mutual consent the plaintiff was admitted. He in common with the defendants contributed his services as a contracting and mechanical engineer, and with them was to share in the profits of their joint undertaking; and this is all that is necessary as matter of law to sustain the finding.

But the defendants contend that in case there was no agreement as to the proportion in which the parties were to share the profits, the contract is not complete and there being therefore no way of ascertaining the plaintiff's share he cannot prevail.

We are not prepared to hold that because it was left undetermined by their agreement what share the plaintiff was to take in the profits, a court of chancery must dismiss his bill and allow the defendants to hold the result of his labor and skill for their exclusive benefit. Where the contract is silent, equity will adjust the rights of the partners to profits on the basis of what their intention was as shown from all the facts of the case. *Whitcomb* v. *Converse*, 119 Mass. 38, 42. *Harris* v. *Carter*, 147 Mass. 313. *Winchester* v. *Glazier*, 152 Mass. 316, 325. The plaintiff well might have claimed one third of the profits, and if the defendants sought to cut down this claim and to overcome any presumption arising from the partnership relation by evidence of a different understanding originally, or to be gathered from the course of dealing between them, they could not be heard to deny to the plaintiff the equity of sharing in the profits while seeking on their part to limit the extent of his interest at less than one third, because to allow him to participate to that amount would be unjust to themselves. Seeking equity for their protection they must do equity to him.

But the agreement finally made by the parties at the trial fixed the amount the plaintiff was to recover if found entitled to relief, and the finding followed the agreement.

It remains to consider the defendants' demurrer to the supplemental bill.

There is nothing in the record to show that the decree is based on the supplemental bill, and the original bill as amended states enough to entitle the plaintiff to relief. But if the question is open, it is clear that the supplemental bill does not set out a cause of action that accrued after the original bill was filed, but only states that after the filing of the original bill the parties had agreed that the partnership accounts should be stated as shown by certain schedules, and upon such an accounting together there was a balance found due the plaintiff. It is well settled that if a plaintiff at the time when he files his bill

has no cause of action he cannot file a supplemental bill to maintain his suit upon a cause of action that accrued afterwards, even though it may have arisen out of the same transaction. But this does not preclude him from maintaining such a bill which does no more than to bring into the case facts that have arisen since the original bill was filed, and which refer to or support the matters already before the court. The rights and interests of the parties here remained the same, and the additional pleading filed by the plaintiff, whether strictly a supplemental bill or treated as a further amendment to the original bill, did not tend to vary the case as therein stated or the relief originally prayed for, but to measure that relief as the subsequent agreement required. *Pinch* v. *Anthony,* 10 Allen, 470, 476. *King* v. *Howes,* 181 Mass. 445. No error appearing the order must be

*Demurrer overruled ; exceptions overruled.*