NELLIE A. RICHARDSON vs. ARTHUR BROWN & others.

Middlesex.   November 12, 20, 1925. — February 26, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Equity Pleading and Practice*, Bill, Decree, Supplementary bill.   *Equity Jurisdiction*, To remove cloud from title.

In a suit in equity to clear the title to real estate from a cloud caused by an alleged attachment thereof followed by a taking on an execution, it appeared that no deposit of the writ pursuant to G. L. c. 223, § 66, was made in the registry of deeds; that, after the filing of the bill, a motion for an injunction *pendente lite* enjoining a sale on the execution was denied, and that thereafter the plaintiff, to prevent a sale, paid to the execution creditor the amount of the execution and it was discharged. There was no supplemental bill filed.   A decree was entered dismissing

the bill except against the execution creditor, who was ordered to repay to the plaintiff the amount paid by the plaintiff to protect his title with interest. That defendant appealed. *Held*, that

(1) The relief was not warranted by the bill;

(2) The circumstances did not call for an application of G. L. c. 231, § 125;

(3) The decree must be reversed.

BILL IN EQUITY, filed in the Superior Court on January 10, 1925, and described in the opinion.

The suit was heard by *Whiting*, J. Material facts found by him and a final decree entered by his order are described in the opinion. The defendant Arthur Brown appealed from the final decree.

*A. S. Allen & P. A. Guthrie*, for the defendant, submitted a brief.

*M. Z. Kolodny*, (*N. H. Kolodny* with him,) for the plaintiff.

WAIT, J. The plaintiff filed her bill seeking the removal of a cloud upon her title to real estate owned and occupied by her, and an injunction to restrain the defendants from proceeding to levy an execution thereon. The bill alleged, in substance, that she contracted to purchase the property on March 27, 1922, from the then owner, William A. Higgins, and on May 8, 1922, took title to three quarters undivided interest therein by a deed which was intended to convey the entire fee, but by mistake conveyed three quarters part thereof only; that the remaining one quarter was conveyed to her on November 16, 1923; that in March, 1922, and before her purchase, the defendant Arthur Brown brought suit against William F. Higgins, intending to sue William A. Higgins, and attached the real estate of William F. Higgins; that there was no such person as William F. Higgins; that she purchased the property in good faith for value and had no knowledge of the attachment of the property of either William A. or William F. Higgins; that Brown amended his writ to run against "William F. Higgins otherwise known as William A. Higgins" and on May 27, 1924, attached the real estate by special precept; and on December 1, 1924, recovered judgment in his suit; that on December 3, 1924, the defendant Tucker took the premises on execution issued upon the judgment; that, as a consequence, the plaintiff's

title was clouded and she was in danger of losing a sale of her property. The bill contained a prayer for further relief. It was filed January 10, 1925. An insufficient allegation of fraud in the bill was disavowed and abandoned at the hearing. It appeared that a temporary injunction to restrain the sale was refused on January 13, 1925; and that on January 14, the plaintiff paid $1,938.89 to Arthur Brown, apparently the amount due on the execution, to prevent the threatened sale. It further appeared that no deposit of the writ pursuant to the statute relating to attachments was made in the registry of deeds. G. L. c. 223, § 66. The judge made an order for a decree in accord with which a final decree was entered which recited that plaintiff had no notice of the attachment of real estate of William F. Higgins or William A. Higgins made at the suit of Arthur Brown at the time she took title thereto, that she purchased the real estate in good faith and for value, and on January 14, paid said Brown to prevent the sale on execution $1,938.89; dismissed the bill as against the defendants Tucker and Jennie Brown without costs; and ordered execution to issue against Arthur Brown for $1,938.89, with interest in the sum of $41.18, and costs taxed at $22.25. No order was made with regard to the alleged cloud upon the title. The execution had been disposed of.

The only relief possible upon the allegations of the bill could not be given; as all occasion for it had disappeared at the time of the hearing, and had been removed by the action of the plaintiff.

The relief actually given by the decree rests upon events which happened and rights which accrued, if ever, after the filing of the bill. Such relief, if it could be given at all, could only be obtained by a supplementary bill, or an amendment in the nature of a supplementary bill. There was nothing in the bill as it stood on which the relief given could be predicated. *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1. *McMurtrie* v. *Guiler*, 183 Mass. 451, 454. *Pickard* v. *Clancy*, 225 Mass. 89, 95.

The cases cited by the plaintiff do not support her contention that the decree is proper upon these pleadings. In

*Franklin* v. *Greene,* 2 Allen, 519, and *Thompson* v. *Heywood,* 129 Mass. 401, the relief given arose out of the circumstances on which the equity of the bills was based.   In *Milkman* v. *Ordway,* 106 Mass. 232, and *Newburyport Institution for Savings* v. *Puffer,* 201 Mass. 41, the relief was germane to the allegations of the bills and arose out of acts of the defendants, not of the plaintiff.   In *Rosen* v. *Mayer,* 224 Mass. 494, the relief was given on the situation disclosed by the allegations of the bill, and so also in *Bauer* v. *International Waste Co.* 201 Mass. 197.

Amendments at law must be intended to sustain the cause for which the action was brought, G. L. c. 231, § 51.   *Pizer* v. *Hunt,* 253 Mass. 321, is not in point.

The plaintiff has not presented her contentions with regard to the effect of her payment to Brown for abandoning his levy and sale.   The defendant maintains that this gave no right of recovery to her.   In such circumstances, G. L. c. 231, § 125, is not applicable.   The order must be

*Decree reversed.*