Fremont-Smith, Thayer, J.
This case was tried juiy-waived on December 13, 2007. Based on the credible evidence, the Court makes the following findings and rulings.
In 2000, the parties agreed that plaintiff would purchase certain construction equipment which would be repaired and sold by a company called Global Equipment and Supply (“Global”) which was located in Florida. The anticipated profit on the sale was to be shared by the parties. Plaintiff purchased the equipment for $72,500 and agreed to its delivery to Global. Global then sold the equipment but absconded with the proceeds to parts unknown. Plaintiff contends that defendant was negligent in its selection of Global to perform the repair and sale of the equipment, so is liable for plaintiffs entire loss. In the alternative, plaintiff contends that the parties entered into a partnership, so that, pursuant to G.L.c. 108A, defendant is required to share equally in the loss, so owes plaintiff $36,000.
There was no •written agreement, however, and there was no agreement regarding the sharing of any loss, which event was never contemplated.
While it is true that the equipment was entrusted to Global on defendant’s recommendation, plaintiff was consulted about and agreed to this arrangement. Defendant was not negligent in recommending Global, as it had dealt with Global without mishap on prior occasions and had, in the past, sought and obtained favorable recommendations from others who had dealt with Global. There were no “red flags" that should have warned defendant that Global was not to be trusted.
While the parties did agree orally to undertake a joint venture, no partnership agreement was signed, no business entity was ever created by the parties, and there was no joint ownership of any property. The purchase money for the equipment all was provided by only one of the joint venturers, the plaintiff.
An agreement to share the profits of a transaction is not in and of itself evidence of the existence of a partnership absent other indicia of partnerships. Seemann v. Eneix, 272 Mass. 189, 195 (1930); Rosenblum v. Springfield Produce Brokerage Co., 243 Mass. 111, 115-16 (1922). Where, as here, the parties did not co-own any property, did not set up any co-owned business entity and did not observe any other indicia of a partnership such as the filing of a partnership tax return or creation of a partnership bank account, the Court concludes that no legal partnership relating to the Florida transaction was ever created. See G.L.c. 108A, §6(1), which defines a partnership as “an association of two or more persons to cariy on as co-owners a business ...” See also c. 108A, §7. The provisions of G.L.c. 108A concerning partnerships and losses of a partnership do not apply to the Florida transaction as there was never any co-owned partnership property acquired or lost in connection with the Florida transaction, no co-owned business entity was ever created, and no other indicia of a partnership was created. Compare McMurtrie v. Guiler, 183 Mass. 451, 452-53 (1903) (where plaintiff had been admitted as a partner to an established business entity, plaintiff was introduced as a partner to clients, and his name so appeared on the stationery and business cards of the firm).
As for defendant’s counterclaim, while the parties did orally agree jointly to operate a heavy equipment repair facility on property purchased by plaintiff in Framingham in 2000, this never materialized and Garrett terminated the agreement when things in Florida went sour. There never was any meeting of the minds as to the term or duration of the agreement, which was thus an “at-will” undertaking. Nor did defendant fulfill its own obligations, which were to collect and account for the rents from the property, or provide evidence of any damages resulting from plaintiffs termination of the agreement, as no profit was ever realized by the plaintiff on the sale of the property.
ORDER FOR JUDGMENT
Accordingly, the Court ORDERS that final judgment shall be entered for the defendants on plaintiffs complaint and that final judgment shall be entered for the plaintiff on the defendants’ counterclaim.