WILLARD M. CARTER *vs.* DANIEL F. FITZ, administrator.

Suffolk. March 29. — 30, 1878. AMES & MORTON, JJ., absent.

In an action for services in nursing and attendance upon the defendant's intestate, the plaintiff testified that the deceased boarded with him for some time under an express contract for a certain sum per week, which had been paid; that, in case of his death, he promised that the plaintiff should be paid out of his estate for extra care and nursing bestowed upon him; and that he provided the deceased with all he desired. The defendant produced a witness, and asked him if he ever sent anything to the deceased while he was boarding with the plaintiff; the witness testified that he had sent many delicacies. The defendant then asked, "Why did you send them?" But the judge refused to admit the question. The defendant then asked, "Did you send them at the request of the deceased?" The judge also refused to admit this question. The defendant then offered to show, by conversations between the witness and the deceased, that negotiations were pending between the plaintiff and the deceased, and what the contract between them was; but the judge refused to admit this evidence. *Held,* that the evidence rejected was of *res inter alios.*

CONTRACT upon an account annexed for services in nursing and attendance upon the defendant's intestate, Alexander Lovinski.

At the trial in the Superior Court, before *Allen,* J., the plaintiff testified that Lovinski made an express contract to pay for ordinary board and lodging the sum of ten dollars a week, and to pay for extra providing, care and nursing when he got well, or, in case of his death, that the plaintiff should be paid out of the property he would leave; that he was paid the ten dollars a week; and that the extra care, nursing and provision, which was all that Lovinski desired, were worth the further sum of eight dollars a week.

The defendant offered Mrs. Bell as a witness, and asked her if she ever sent anything to Lovinski while he was boarding with the plaintiff; she testified she did send turkey, beefsteak, green peas, strawberries, ice cream, and many delicacies. The defendant then asked, "Why did you send them?" The judge rejected the evidence. The defendant then asked, "Did you send them at the request of the deceased?" This question was also excluded. The defendant then offered in evidence conversations between Mrs. Bell and Lovinski, in reference to the contract between him and the plaintiff, two days before and after

he went to the plaintiff's house, and to show by the conversations that negotiations between the plaintiff and Lovinski were pending, and what the contract was. But the judge refused to admit this evidence.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*D. F. Fitz*, pro se.

*A. Wellington*, for the plaintiff, was not called upon.

BY THE COURT. The evidence excluded was of *res inter alios.*

*Exceptions overruled.*