BENJAMIN WILLIAMS *vs.* JOHN W. KNIBBS.
SAME *vs.* SAME.

Worcester.    November 20, 1912. — January 31, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Contract,* Construction, Termination.    *Partnership.*

In an action of contract it appeared that the plaintiff was an inventor and had made a contract in writing with the defendant, reciting that he had assigned to the defendant a one half interest in an invention for which he had made an application for letters patent, and providing that neither party to the agreement should, without the consent of the other, assign or encumber his interest, that the profits from the invention or the sales of the invented article should be equally divided, that the defendant should pay the plaintiff "a salary of $12 per week and . . . all expenses required for the prosecution and procuring of patents thereon in this and foreign countries, the said payments made being charged up against the profits of the concern before said profits are divided." At the trial there was no evidence that the defendant had paid the expenses of procuring a patent. There was evidence tending to show that no patent ever had been issued. *Held,* that it could not be ruled that the salary was to be paid to the plaintiff only for a reasonable time, because it was the manifest intention of the parties that the agreement should remain in force until the expenses of procuring the patent were paid by the defendant. *Held, also,* that under the contract the parties did not become partners, and that, irrespective of whether there were profits or not, the defendant was bound to pay the salary to the plaintiff so long as the contract was in force.

TWO ACTIONS OF CONTRACT for amounts alleged to be due as salary under a contract in writing set out in substance below. Writs dated respectively July 8 and August 20, 1910.

The contract was dated February 3, 1910, and was in substance as follows:

"That whereas the said Benjamin Williams is the inventor of a Mop Wringer on which he has filed application for United States letters-patent on or about the 24th day of May, 1909, Serial No.

497,997 and has this day executed an assignment of an undivided one-half interest therein to the said John W. Knibbs, now, therefore, the parties have agreed and do hereby agree together as follows:

"1. That neither party shall, without notice to and approval and consent of the other, sell, assign, transfer or in any manner encumber the invention, interest in or the joint title to the said invention, or the applications or letters-patent applied for or to be obtained thereon in this or any foreign country, or manufacture or sell the invention as an article of merchandise, or grant any licenses or privileges under the patent or patents thereon in this or foreign countries when issued on this invention, or any other invention that may be made in wringers by said Benjamin Williams.

"2. It is further agreed that all profits derived from the invention or the sale of the Mop Wringers aforesaid, shall be divided equally between the respective parties hereto.

"3. It is hereby further agreed that said John W. Knibbs shall pay said Benjamin Williams a salary of twelve dollars per week and shall pay all expenses required for the prosecution and procuring of patents thereon in this and foreign countries, the said payments made being charged up against the profits of the concern before said profits are divided, in accordance with section 2."

In the Superior Court the case was tried before *Lawton*, J. At the close of the evidence the defendant requested that the jury be instructed as follows:

"1. There being no time expressly stated in the contract during which the twelve dollars per week were to be paid by the plaintiff, the law implies an obligation only to pay that sum for a reasonable length of time, which time is to be determined by the jury taking into consideration all the facts presented."

The request was denied. The jury found for the plaintiff in the first action in the sum of $266.20, and in the second action in the sum of $78.84. The defendant moved for a new trial, "alleging, among other things, that the verdicts were against the law and specifying that the agreement sued on is a partnership agreement and that no action of law can be maintained thereon, and further, that the agreement constituted the parties partners at will and the defendant had a right to terminate the same at will." The

judge "ruled otherwise," denied the motion, and reported the case for determination by this court, stating that, if no error was made in the rulings at the trial or on the motion for a new trial the verdicts were to stand; otherwise, either judgment was to be entered for the defendant or a new trial was to be ordered as justice might require.

The cases were submitted on briefs.

C. E. Tupper & G. H. Richardson, for the plaintiff.

W. Thayer, G. A. Drury & F. A. Walker, for the defendant.

SHELDON, J.   The defendant's first request for instructions rightly was refused.   The agreement declared on recited that the plaintiff had filed an application for letters patent upon an invention, and had assigned a half interest therein to the defendant. It contains a stipulation that the defendant shall pay "all expenses required for the prosecution and procuring" of patents "in this and foreign countries."   It does not appear, and the defendant does not seem to have claimed, that he had paid the expenses of procuring the patent which had been applied for; and there was affirmative evidence that this patent never had been issued.   It may be that the defendant could not be required to pay the expenses of obtaining or attempting to obtain patents in foreign countries unless both parties should desire to apply therefor; but the agreement cannot be construed to give him the right to terminate it before he has complied with his promise to defray the expenses of procuring the patent for which application was then pending.   The agreement must have been intended to remain in force until he should have complied with this stipulation or such performance should without his default have become impossible. That was the manifest intention of the parties.   Hubbell v. Buhler, 43 Hun, 82.   Wright v. C. S. Graves Land Co. 100 Wis. 269.   The question whether since the agreement is silent as to the term of its duration after the patent shall have been paid for and taken out, it should be considered after that event as remaining in force only for a reasonable time, or as terminable at the will of either party as a partnership would be, is not raised upon this report, and we express no opinion upon it.   See Carnig v. Carr, 167 Mass. 544, 547; Rotch v. French, 176 Mass. 1;   Tilton v. Whittemore, 202 Mass. 39; St. Paul Plow Works v. Starling, 140 U. S. 184.

There was no error in the ruling made on the motion for a new

trial. The parties did not become partners as between themselves. Their situation resembled rather that of ship-owners. They owned together, in equal shares, the invention and the patent of which they contemplated the issue. They regarded themselves as joint owners, and covenanted with each other accordingly. *Thorndike* v. *DeWolf,* 6 Pick. 120. *French* v. *Price,* 24 Pick. 13. *Buck* v. *Dowley,* 16 Gray, 555. *Meserve* v. *Andrews,* 104 Mass. 360. *Mayo* v. *Moritz,* 151 Mass. 181.

The defendant made an absolute agreement to pay to the plaintiff the sum of $12 per week. This he is held to pay in any event during the continuance of the agreement. It is not merely a charge upon profits, although if profits should be realized it is to be deducted from the amount thereof before making any division. It follows that the plaintiff is entitled to maintain these actions for the amount of his stipulated weekly salary. There is authority for the position that he would be so entitled even if the relation between these parties were that of partners. *Williams* v. *Henshaw,* 11 Pick. 79, 83, 84. *Ryder* v. *Wilcox,* 103 Mass. 24, 29, 30. *Costelo* v. *Crowell,* 134 Mass. 280, 286. *Paine* v. *Thacher,* 25 Wend. 450. *Robinson* v. *Green,* 5 Har. (Del.) 115.

What we have said disposes of all the questions that have been argued by the defendant. In each case the order must be

*Judgment on the verdict.*