VINAL S. WRIGHT *vs.* CARRIE A. FISHER.

Worcester.   October 9, 1919.— November 24, 1919.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Equity Pleading and Practice,* Requests and rulings, Exceptions, Decree. *Evidence,* Relevancy and materiality, Competency, *Res inter alios.*

A request for an instruction to be given to a jury trying an issue submitted to them in a suit in equity, which assumes as true a fact put in issue by the answer and not conceded to be true, may be refused.

At the trial, in a suit by a brother against his sister, of an issue, whether a deed from their mother to the sister was procured to be executed through the fraud or undue influence of the sister, it is proper to exclude as evidence a letter, written two years and five months before the date of the deed in question by the husband of the defendant to the chief of police of the city where all the parties lived and containing statements discrediting the plaintiff with the police, if it does not appear that either the defendant or the mother had knowledge of the contents of the letter before the deed was executed or that the plaintiff thereby was discredited with the police.

At the trial above described, it also was proper to exclude evidence, which was offered to show ill will of the defendant toward the plaintiff and which was to the effect that, after the funeral of the mother, a daughter of the defendant stated to the plaintiff in the defendant's presence that there was no will and that everything in the house, meaning household goods, belonged to her (the daughter), and that the defendant remained silent "while this statement was heard," such statement being incompetent as *res inter alios* and irrelevant and immaterial.

Where, after the allowance and before the determination of exceptions taken at the trial of an issue framed in a suit in equity, a final decree is entered from which the party aggrieved appeals, the decree has no greater force than an order for a decree, and, upon the overruling of the exceptions in this court, a rescript will issue dismissing the appeal and directing the entry of a decree in conformity with the terms of such order.

BILL IN EQUITY, filed in the Superior Court on May 31, 1917, in which the plaintiff alleged that Ellen V. Wright, mother of both the plaintiff and the defendant, was improperly and unduly influenced to execute and deliver to the defendant a deed of certain real estate situated in Worcester, and prayed that said deed be cancelled, annulled and destroyed upon the records and for such other and further orders as to the court might seem proper.

In the Superior Court the issue quoted in the opinion was referred to a jury, and was tried before *Fox*, J. Material evidence and exceptions of the plaintiff are described in the opinion. At the close of the evidence, the plaintiff asked that the following instructions be given to the jury:

"1. That the conveyance from Ellen V. Wright to Carrie A. Fisher, defendant, is without consideration and that fact is a circumstance that may be considered, and unexplained raises a presumption of fact that would justify a finding that the defendant in some form solicited the gift and used undue influence to obtain it."

. "4. That the gift of the house and land to Carrie A. Fisher and the previous expressed intentions of Ellen V. Wright being inconsistent, it might be found that the deed is contrary to the expressed intention of Ellen V. Wright, and to be more consistent than otherwise with the exercise of undue influence.

"5. That if the motives of Carrie A. Fisher were mercenary, the exercise of undue influence on her part would be more readily inferred than if they were not."

The rulings were refused. The jury answered the issue in the negative. On June 27, 1918, the plaintiff filed a bill of exceptions. On November 4, 1918, the exceptions were allowed. On November 8, 1918, what purported to be a final decree was entered by order of *Fox*, J., and the plaintiff claimed an appeal on the same day.

The case was submitted on briefs.

*J. H. Meagher & E. Zaeder,* for the plaintiff.

*E. R. Anderson & T. J. Casey,* for the defendant.

PIERCE, J. This is a suit in equity "to have cancelled, annulled and destroyed" a deed of a certain tract of land in the city and county of Worcester, on the ground that the deed was procured

by improper and undue influence exercised upon the grantor by the grantee while the grantor was known to the grantee to be in a weakened physical and mental condition. The bill further alleges that the grantor was induced to execute and deliver the deed to the grantee without any consideration or anything of value.

On the motion of the plaintiff the court in the exercise of its discretion and without objection framed and submitted to the jury as the single issue for its determination the question: "Was the deed from Ellen V. Wright to Carrie A. Fisher, dated February 19, 1916, and recorded with Worcester District Deeds, February 21, 1916, procured to be executed through the fraud or undue influence of Carrie A. Fisher?"

At the close of the evidence the plaintiff requested the court to give the jury three specific instructions, postulated on the assumption of fact that the deed was without consideration, that it was a gift, and that the motive of the grantee in her relation to the grantor was mercenary. These requests for instructions, numbered 1, 4 and 5, in the form presented were refused properly, because they required the court to assume as true facts put in issue by the answer and not otherwise conceded. Disregarding the objectionable form of the requests, the charge fully and accurately covered every phase and varying aspects of the evidence which the plaintiff could properly ask the jury to consider in determining the submitted issue of fact.

During the trial the plaintiff offered in evidence a letter dated September 6, 1913, written by the husband of the defendant to the chief of police of Worcester for the purpose, as the plaintiff claims, of discrediting the plaintiff with his mother, the grantor, and argues that "the jury might have found it an untruthful and fraudulent attempt of the defendant to discredit the plaintiff with the Police Department of Worcester." This letter being no more than an act or statement of a third party was properly excluded; there was no direct or inferential evidence to warrant a finding by the jury that either the defendant or the mother had knowledge of the contents of the letter before the deed was executed, or to support the contention that the plaintiff was thereby discredited with the police department. *Carter* v. *Fitz*, 124 Mass. 269. *Hall* v. *Grace*, 179 Mass. 400.

The plaintiff offered in evidence a declaration of a daughter

of the defendant, made to him after the funeral of the grantor, in the presence of the defendant, to the effect that there was no will and that everything, meaning household goods, in the house belonged to her (the daughter) as showing ill will toward the plaintiff by the defendant, who remained silent "while this statement was heard." The declaration was clearly *res inter alios acta,* and there is nothing in it to warrant an inference of undue influence upon the mind of the grantor destroying her free agency or which called for a denial of any inference of ill will toward the plaintiff.

The exceptions taken to the refusal to instruct the jury as requested and to receive the proffered testimony must be overruled.

The jury having answered the issue framed in the negative, the court entered a final decree dismissing the bill with costs, and the plaintiff appealed. As exceptions were then pending, the entry of the decree had no greater force than an order for such a decree if and when the exceptions should be overruled. The appeal must be dismissed and a decree may now be entered properly in conformity to the terms of the order. *Tyndale* v. *Stanwood,* 186 Mass. 59, 63. *Boston & Maine Railroad* v. *Hunt,* 210 Mass. 128, 132. *Harvey* v. *Bross,* 216 Mass. 57.

> *Exceptions overruled.*
> *Appeal dismissed.*