PETER G. SELWYN *vs.* JEANNIE HARRIS.

MARY A. SELWYN *vs.* PETER G. SELWYN.

Suffolk.   December 2, 1924. — January 28, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Equity Pleading and Practice*, Master: motion to recommit; Decree; Appeal.

An appeal from an interlocutory decree in a suit in equity denying a motion to recommit the case to a master presents no question of law to this court.

Upon an appeal from an interlocutory decree confirming a master's report in a suit in equity, it appeared that no exceptions had been filed to the report, and it was *held*, that the decree properly was entered.

In two suits in equity, the first by a husband against a third party to recover certain personal property alleged unlawfully to have been taken and secreted, and the second suit by the wife of the plaintiff in the first suit against her husband to require an accounting as to personal property of hers alleged wrongfully to have been appropriated by him and to enjoin him from interfering with a suit being prosecuted by her in

both their names but for her benefit and as to her property, final decrees were entered against the husband and he appealed. It appeared that a master who had heard the two suits together had found facts adversely to the husband's contention. There were no exceptions to the master's report. The decrees conformed to the pleadings. *Held*, that the decrees must be affirmed.

In a suit in equity by a wife against her husband relating to her personal property, after a decree had been entered for the wife and an appeal had been taken to this court, the wife died and, suggestion of such death having first been made in the husband's brief before this court and this court having determined that the decree appealed from by the husband was entered properly, *it was ordered*, that the decree be affirmed as of the time of its original entry.

TWO BILLS IN EQUITY, filed in the Superior Court respectively on February 13, and February 20, 1924, and described in the opinion.

In the Superior Court, both suits were referred to the same master. Findings by the master and proceedings following the filing of his report are described in the opinion. By order of *O'Connell*, J., a final decree was entered in the first suit dismissing the bill with costs and a final decree was entered in the second suit granting the plaintiff the relief sought. Peter G. Selwyn appealed.

The case was submitted on a brief by

*C. J. Miller*, for Peter G. Selwyn.

No argument nor brief on behalf of Mary A. Selwyn or Jeannie Harris.

SANDERSON, J. These are two bills in equity. In the first the plaintiff Peter G. Selwyn seeks to recover from the defendant Harris certain articles of personal property, described in a schedule annexed to the bill of complaint, which he alleges the defendant has wrongfully taken and secreted. The defendant denies that the plaintiff owned the articles described in the schedule, and further answering alleges that she received certain articles from the plaintiff's wife which were the wife's property and for which the defendant paid. This case and that of Selwyn *v.* Selwyn were referred to the same master who filed one report covering both cases. After the report came in, motions were made in behalf of Peter G. Selwyn that the Boston Storage Warehouse Company be joined as a party defendant, that a restraining order

theretofore issued in the case be modified, and that the master's report be recommitted, all of which were denied. An interlocutory decree was then entered confirming the report and was followed by a final decree dismissing the bill with costs in a stated sum. The plaintiff appealed from the orders denying his motions and from the interlocutory and final decrees.

In the second case Mary A. Selwyn seeks to recover from her husband Peter G. Selwyn, or to have him account to her for, certain rugs which she owned and entrusted to him for a special purpose, but which he has refused to return; and she also asks to have him ordered to discontinue an action at law brought in his name and hers to recover a sum due her for property sold, alleging that her husband became a party plaintiff in said action without her knowledge or consent. A final decree was entered in this case, stating that the defendant was in possession of funds of the plaintiff and ordering him to pay the amount thereof to the plaintiff, and also restraining him from interfering with the disposition of said action at law or from claiming any of the proceeds that may be realized therefrom. The defendant entered appeals in this case similar to those entered in the suit of Selwyn *v.* Harris.

The master found that none of the property taken by the defendant Harris was owned by Peter G. Selwyn, and that all of it was taken under authority given her by Mary A. Selwyn; that Mary A. Selwyn owned the rugs which she is seeking to recover from her husband; that she acquiesced in the bringing of said action in her name and his, but that she is entitled to the money which may be recovered in that action.

The motion to recommit the master's report in each of these cases was addressed to the discretion of the court, and the appeals from the orders relating thereto present no question of law to be decided. There were no exceptions to the master's report and the interlocutory decrees confirming them were properly entered. The final decree in each case is based upon and justified by facts found by the master. *French* v. *Peters,* 177 Mass. 568. *American Stay Co.* v. *Delaney,* 211 Mass. 229.

The decrees are to be affirmed with costs of the appeal to the prevailing party in each case.    In view of the suggestion made to the court in the brief for Peter G. Selwyn, that Mary A. Selwyn died July 26, 1924, the decree in her case is to be affirmed as of its date, June 2, 1924, *nunc pro tunc.*

*So ordered.*