AGNES C. HEWITT *vs.* AXEL N. PETERSON.

Suffolk. March 6, 1925. — June 26, 1925.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Equity Pleading and Practice,* Master: exceptions to report; Appeal. *Adverse Possession.*

Exceptions in a suit in equity to findings of fact by a master in a report which does not report the evidence must be overruled if the findings are not inconsistent with each other.

Exceptions in a suit in equity to rulings by a master excluding evidence offered before him must be overruled where it appears that the evidence, even if admitted, was immaterial and could not have affected the result.

Upon an appeal, by the plaintiff in a suit in equity seeking to establish title by adverse possession to a strip of land of which the defendant, an adjoining owner, owned the record title, from a final decree establishing

the plaintiff's right to a portion only of the strip claimed, the decree must be affirmed where it appears that as to the remaining portion of the strip the adverse possession of the plaintiff, while continuing for nineteen years, eleven months and five days, had not continued for twenty years.

BILL IN EQUITY, filed in the Superior Court on August 9, 1923, seeking to enjoin the defendant, an owner of real estate adjoining the plaintiff's, from committing an alleged trespass on the plaintiff's land.

In the Superior Court, the suit was referred to a master. It appeared that the plaintiff claimed title to a portion of the land which by recorded deeds stood in the defendant's name and which extended along the entire boundary between her land and the defendant's and was about four feet wide at the front of the land and seven or eight feet wide at the rear; and that the plaintiff contended that she had acquired title by adverse possession. The master in substance found that by the building of a sidewalk the plaintiff had had adverse possession of a triangular portion of the strip so claimed for a little over twenty years and four months, but that her earliest act of adverse possession as to any of the remaining portion of the strip was at most nineteen years, eleven months and five days, and not twenty years, before the defendant, after a survey, retook possession.

Exceptions by the plaintiff to the report of the master are described in the opinion. The suit was heard by *Hammond*, J., by whose order there were entered an interlocutory decree overruling the exceptions and confirming the report, and a final decree in accordance with the findings of the master. The plaintiff appealed.

*J. J. Hurley*, for the plaintiff.

*H. B. Harris*, for the defendant.

WAIT, J. This cause is before us upon the plaintiff's appeals from an interlocutory decree which overruled her thirty-two exceptions to a master's report and confirmed the report, and from a final decree which does not grant her all that she wants.

The exceptions were dealt with properly. There was no report of the evidence before the master. It is elementary

that in such a case no exception will be sustained to the master's findings of fact. *Henderson* v. *Foster*, 182 Mass. 447. Nearly all the exceptions relate to such findings, and present no question, either of law or fact, with which this court will deal. The remaining exceptions relate to the exclusion of evidence offered by the plaintiff. They, too, were properly overruled; for had all the evidence been admitted it was immaterial and could not have affected the result.

The plaintiff's real trouble is that to acquire title to another's land by adverse possession, one must have held it full twenty years, and not nineteen years and some months.

We see no reason to disturb the master's findings that the boundary line between lots 10 and 11 on the plan by which they were conveyed in 1902 and 1903, ran in the place he determined; and that the plaintiff has occupied adversely, continuously, openly, and under claim of right for full twenty years that portion only of lot 11 to which the final decree establishes that she now has title.

The interlocutory decree is affirmed. The final decree is affirmed, with costs.

*So ordered.*