ELMER H. BARTLETT & others *vs.* THE ROOSEVELT, INC.

Suffolk.    November 18, 1926. — March 3, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Way*, Private: by prescription. *Prescription. Equity Pleading and Practice*, Master: exceptions, recommittal; Decree; Exceptions.

In a suit in equity, which had been referred to a master to "hear the parties and their evidence and report his findings to the court together with such facts and questions of law as either party may request," an exception, to the denial of a motion to recommit the report to the master for a report of evidence or of rulings by the master as to the order of evidence, must be overruled where such denial is not shown to be an abuse of discretion.

Exceptions to the report of the master under such a reference, based upon a contention that portions of the evidence should be reported, that the findings were not supported by the evidence, that facts were not found as requested, and that findings made should be amplified, were overruled.

In a suit in equity to enjoin the obstruction of a right of way alleged to have been acquired by prescription adjoining a five-foot passageway granted by deed, a master upon evidence not reported found that although "This use of the way upon the defendant's land was open, continuous for more than twenty years and (so far as there is any evidence) without permission of the then owners," it was "not under any color of title or any claim of right"; that "the plaintiffs and their predecessors in title knew that they had only a five-foot way by deed; they knew that they were trespassing upon the vacant land, and they did it only because it was convenient for them and did no special harm to the vacant land and because nobody objected. . . . that the plaintiffs' use of the way did not exclude use of the same area by the owners of the defendant's land; and that there was no evidence that any owner of the defendant's land had actual knowledge of any use of the way beyond five feet in width." *Held*, that the plaintiff had not sustained the burden of proving the essential element in the establishment of his claim, that the use must have been under a claim of right; and that a decree dismissing the bill should be entered.

BILL IN EQUITY, filed in the Superior Court on June 11, 1925, and described in the opinion.

The suit was referred to a master. Material findings by the master are described in the opinion.

The motion to recommit the master's report, referred to in the opinion, was for the purpose of the reporting of certain

evidence, of certain statements of the master relative to cumulative evidence and of objections to evidence made during the argument and afterwards set out in objections to the report.  The affidavits referred to in the opinion set out the testimony and statements by the master referred to. The master, in substance, signified during the introduction of the plaintiffs' evidence that further cumulative evidence as to the width of the user relied on by the plaintiffs be dispensed with until evidence by the defendant contradicted it.  After such contradicting evidence was introduced, the master signified to the plaintiffs' counsel that he "had better go ahead if you have additional testimony to put on which will show what the actual layout was on the ground.  I am not passing — I haven't in my mind, even, a conclusion as to what I shall find, but so long as it is a contested question of fact I think you ought to put in whatever evidence you have."

Exceptions and appeal by the plaintiffs are described in the opinion.

*C. W. Lavers*, for the plaintiffs.

*D. J. Lyne*, for the defendant.

SANDERSON, J.    This is a bill in equity wherein the plaintiffs seek to have the defendant enjoined from obstructing or encroaching upon a right of way five feet in width, alleged to have been gained by prescription, located southeasterly of and adjoining a five-foot passageway over which all the parties have a right of way by deed.  The center line of the passageway of record is the boundary line between the land of the several plaintiffs and that of the defendant.  At the time the bill was filed, the defendant had begun the erection on its land of a building abutting on the southeasterly boundary of the easement of record, and the plaintiffs aver that this building infringes on their right of way acquired by prescription.  There is a further contention, made by White, one of the plaintiffs, that he has acquired by prescription a right of way eight feet in width to Forsyth Street.  The rule to the master required him to "hear the parties and their evidence and report his findings to the court together with such facts and questions of law as either party may request."

The master found that although "This use of the way upon the defendant's land was open, continuous for more than twenty years and (so far as there is any evidence) without permission of the then owners," it was "not under any color of title or any claim of right"; that "the plaintiffs and their predecessors in title knew that they had only a five-foot way by deed; they knew that they were trespassing upon the vacant land, and they did it only because it was convenient for them and did no special harm to the vacant land and because nobody objected. . . . that the plaintiffs' use of the way did not exclude use of the same area by the owners of the defendant's land; and that there was no evidence that any owner of the defendant's land had actual knowledge of any use of the way beyond five feet in width." He also found, in substance, that White has not established a right of way over the eight foot strip by use for twenty years and that he has no rights therein as against the defendant.

No violation of the plaintiffs' rights is shown in the refusal of the court to recommit the master's report, whether the matter is considered upon the motion as first filed, or upon the affidavits accompanying the motion for a rehearing of the motion to recommit. *Daniels* v. *Daniels*, 240 Mass. 380, 385. *Mason* v. *Albert*, 243 Mass. 433, 437. *Selwyn* v. *Harris*, 251 Mass. 68.

The exceptions to the master's report based upon the contention that portions of the evidence should be reported, that the findings are not supported by the evidence, that facts were not found as requested, and that findings made should be amplified, must be overruled. *Cook* v. *Scheffreen*, 215 Mass. 444, 448. *Magee* v. *Magee*, 233 Mass. 341, 347. *Rodgers* v. *Dodge*, 243 Mass. 295. *Brown* v. *Green & Hickey Leather Co.* 244 Mass. 168, 179. *Hewitt* v. *Peterson*, 253 Mass. 92. *Kilkus* v. *Shakman*, 254 Mass. 274, 276–278. The exceptions based on the contention that certain facts found by the master are conclusions of law are without merit. No reversible error appears in the rulings on evidence to which objection was made, and the record does not disclose that the plaintiffs were precluded from introducing evidence to prove their case.

The burden is upon the plaintiffs to prove all facts essential to the establishment of a right of way by prescription, one of which is, that the use must have been under a claim of right. *Putman* v. *Bowker,* 11 Cush. 542, 545. *Webster* v. *Lowell,* 142 Mass. 324, 341. *Sprow* v. *Boston & Albany Railroad,* 163 Mass. 330, 341. *Hoyt* v. *Kennedy,* 170 Mass. 54, 56. *Bigelow Carpet Co.* v. *Wiggin,* 209 Mass. 542, 549. The finding that the use of the way to which the controversy relates was not under any color of title or claim of right is not inconsistent with the other facts found and is conclusive against the plaintiffs' contention that they have gained a right of way by prescription. The master's findings are likewise conclusive against the contention of the plaintiff White that he has a right of way eight feet in width.

The case is before us upon a bill of exceptions filed by the plaintiffs; they also have filed appeals from interlocutory orders and from an order called a final decree. The same issues are sought to be raised by the appeals as are presented by the bill of exceptions. By reason of the pendency of the bill of exceptions, the court had no power to enter a final decree; it therefore is treated as an order for a decree and the appeals therefrom must be dismissed. *McCusker* v. *Geiger,* 195 Mass. 46, 51. *Harvey* v. *Bross,* 216 Mass. 57. *Young* v. *Reynolds,* 218 Mass. 129, 132. *Wright* v. *Fisher,* 234 Mass. 70. *Sullivan* v. *Roche,* 257 Mass. 166, 169, 170. St. 1926, c. 177, relating to the entry of final decrees notwithstanding the pendency of exceptions, was not in force when this decree was entered.

All questions argued have been considered and no reversible error appears.

*Appeals dismissed.*
*Exceptions overruled.*