ETHEL W. ALLEN, Individually and as Executrix of CHARLES K. ALLEN, Deceased, Appellant, *v.* GEORGE M. B. HAWLEY and Another, Respondents.

Fourth Department, November 30, 1932.

*Julian C. Harrison*, for the appellant.

*Samuel B. Dicker*, for the respondents.

SEARS, P. J.   It is alleged in the complaint that the plaintiff's testator agreed with defendant George M. B. Hawley to make advances, or become responsible, for future expenses in connection with obtaining a certain patent for which defendant George M. B. Hawley then had an application pending and defendant George M. B. Hawley in consideration of the foregoing agreed that plaintiff's testator was to have a one-third interest in the patent when issued.   It is further alleged that plaintiff's testator duly performed all the terms and conditions of the agreement until his death on September 6, 1925, and that no demand for performance has been made upon the plaintiff since the death of the deceased, and that plaintiff had no knowledge of the existence of the agreement until October, 1931.   The complaint also contains allegations to the effect that letters patent were issued to defendant George M. B. Hawley in the year 1927 and that he assigned the patent to defendant Ruth W. Hawley without consideration and with notice of the rights of the plaintiff and that thereafter the defendants sold the patent for a substantial sum of money and have refused to account to the plaintiff.   The demand is for an accounting from both defendants.

We find in this complaint nothing on which to base a right to an accounting.   A simple contract is alleged, the plaintiff's testator to make certain advances or furnish credit and the defendant to assign to him a one-third interest in the patent when issued.   In this there is no evidence of joint venture or partnership.   Even a joint ownership in an issued patent does not make the owners partners or joint venturers.   (*Boeklen* v. *Hardenbergh*, 60 N. Y. 8; *Williams* v. *Knibbs*, 213 Mass. 534.)   But here there never was a joint ownership either legal or equitable nor was there any fiduciary relationship.   There was no present assignment of the invention when the contract was entered into.   (*Burr* v. *De La Vergne*, 102 N. Y. 415.)   The plaintiff's testator was not to become entitled to an interest in the patent until it was issued and then only if all conditions and terms of the agreement were performed by him.   Terms and conditions are alleged to have been performed only up to the time of the death of plaintiff's testator some sixteen months at least before the patent was issued.   The absence of demand on the plaintiff does not excuse non-performance on her part as the agreement does not require the defendant George M. B. Hawley to make demand for advances or credits.

The judgment dismissing the complaint for failure to state a cause of action should be modified by granting the plaintiff leave to plead over, and as modified affirmed, with costs.

All concur.

Judgment modified by granting to the plaintiff leave to serve an amended complaint within twenty days upon payment of the costs of the motion and of this appeal, and as so modified the judgment is affirmed, with costs to the respondents.