ANNIE A. BAUMGARTNER *vs.* MICHAEL T. DOHERTY & others.

Plymouth.   May 16, 1933. — June 4, 1934.

Present: PIERCE, WAIT, FIELD, & LUMMUS, JJ.

*Adverse Possession,* Interruption by proceedings in Land Court. *Land Court,* Registration of title to land, Findings of fact, Requests and rulings, Jurisdiction.

If, at the hearing of a petition in the Land Court for registration of the title to certain land, which was opposed by the respondent on the ground that he had title through adverse possession, the trial judge found that the respondent had not been in possession of the land for twenty years at the time of the filing of the petition in 1914, that finding was not inconsistent with a further finding that the "evidence is conflicting as to the time . . . [the respondent] first came to . . . [the property], but I find that it was several years prior to 1898."

Where, at the hearing above described, which occurred a number of years after the filing of the petition, the judge found that, on the state of the title to the land at the time when the petition was filed, the petition could be maintained, there was no error in a ruling by the judge that "the filing of the petition for registration . . . interrupted the adverse possession of" the respondent, and no error in his refusal to rule, as requested by the respondent, that "Adverse possession is interrupted only by abandonment of claim or change of intent or a writ of entry"; the respondent's objections to the petition could not be supported by adverse possession by him after the filing of the petition.

The ruling above quoted was not inconsistent with another ruling, made at the request of the respondent, that the "filing and entry of a petition for registration . . . is not of itself an interruption of adverse possession": the second ruling dealt with the mere filing of a petition and not with the filing of a petition which was found to be maintainable on the state of the title existing at the time of filing and was being prosecuted to a final decision.

In the proceedings above described, there was no error in a ruling that "Title by adverse possession rests among other factors upon acquiescence by a rightful owner of the land," combined with a finding that "after the filing of the petition there was no acquiescence on the part of the petitioner."

The insertion, by St. 1905, c. 249, § 2, of the words, "or easements or rights in land held and possessed," in R. L. c. 128, § 18, was intended merely to extend the jurisdiction of the Land Court to the registration of "easements or rights in land held and possessed," and not to limit the jurisdiction previously conferred upon the Land Court of petitions for registration by persons claiming "to own the legal estate in fee simple."

At the hearing above described, a ruling requested by the respondent, that the "petitioner did not hold and possess the locus in fee simple within the meaning of G. L. c. 185 so as to entitle" him to maintain the petition, was inapplicable and was refused properly; and a ruling made, that the words, "held and possessed," in § 26 of said c. 185, "refer to the title and not to the land itself," was not harmful to the respondent.

Actual possession of land by one holding title to it is not a condition precedent to the maintenance by him of a petition for registration of his title.

PETITION for registration of the title to land in Plymouth, severed in 1931 from a petition filed by George H. Pierce and others on March 7, 1914, and prosecuted by Baumgartner as substitute petitioner.

The case was heard by *Davis*, J. Material findings and rulings by him, and rulings requested and refused, are described in the opinion. He ordered the entry of a decree for the substitute petitioner. The respondents Doherty and Wyand alleged exceptions.

*J. M. Spillane*, for the respondents.

*M. Collingwood*, for the petitioner.

FIELD, J. This is a petition brought in the Land Court for the registration of title to certain lots of land, consisting of beach and beach upland in Plymouth. This case, in 1931, was severed (G. L. [Ter. Ed.] c. 185, § 31) from a petition, covering these and other lots, brought in 1914 by George H. Pierce and others, which went to a decree. It is now prosecuted by a substituted petitioner. G. L. (Ter. Ed.) c. 185, § 32. *Foss* v. *Atkins*, 201 Mass. 158, 162. The respondent Doherty, by his guardian, and the respondent Wyand claim that title to the land sought to be registered is in Wyand through adverse possession thereof by said Doherty and said Wyand, a deed from the guardian of Doherty by license of the Probate Court to Wyand, dated July 31, 1931, and a

deed from the town of Plymouth to Wyand, dated March 16, 1932. The judge filed a decision in which he made findings of fact and rulings of law and ordered the entry of a decree for the petitioner. Three requests for rulings were made by the respondents. One was granted and the other two denied. The case comes to this court on exceptions of the respondents to the denial of these requests for rulings and to five rulings of the trial judge.

1. There was no error in the ruling of the trial judge that "the filing of the petition for registration by Pierce on March 7, 1914, interrupted the adverse possession of Doherty," or in the denial of the requested ruling, inconsistent therewith, that "Adverse possession is interrupted only by abandonment of claim or change of intent or a writ of entry."

If the ruling made can be regarded as importing a finding that, at the time the original petition was filed, there had not been possession for the period of twenty years required for the acquisition of title by adverse possession (G. L. [Ter. Ed.] c. 260, § 21, *Hewitt* v. *Peterson*, 253 Mass. 92, 94) since possession by the respondent Doherty began, it cannot in that particular be reviewed by us. Such a finding is not inconsistent with the finding of the judge that the "evidence is conflicting as to the time . . . [the respondent Doherty] first came to . . . [the beach], but I find that it was several years prior to 1898," or with any other finding. And the judge was not bound, on the evidence set forth in the bill of exceptions, to make a finding that the possession of this respondent began twenty years or more before the petition was filed.

That, on the facts found in this case, the filing of the original petition interrupted the possession of the respondent Doherty is settled by the recent decision of *McMullen* v. *Porch, ante,* 383. The original petition covered the land in question. It was in its nature a proceeding against all the world. G. L. (Ter. Ed.) c. 185, § 42. The respondent Doherty appeared and answered, claiming title by adverse possession. The present petition, so far as the lots now in question are concerned, is a continuation of the original peti-

tion and has been prosecuted to a decision in favor of the petitioner subject only to review by this court. The findings of the judge, which in this respect do not appear to be erroneous as matter of law, disclose that on the state of the title at the time the original petition was filed the petition can be maintained against the objections of these respondents. And the respondents' objections cannot be supported by adverse possession after the original petition was filed. It was said in *McMullen* v. *Porch* in regard to the effect of adverse possession on a petitioner's title that the "evident purpose of the Land Court act is to provide a method of making titles to land certain and indefeasible, and that purpose can be best served by making the decree relate back to the date of the petition."

The ruling under consideration is not inconsistent with the ruling made at the request of the respondents, to which no exception was taken, that the "filing and entry of a petition for registration in this court is not of itself an interruption of adverse possession." While it is not necessary to determine whether this ruling was correct in the broad form in which it was made, it is apparent that it deals with the mere filing (and entry) of a petition, and not with the filing of a petition which, as additional facts disclose, is maintainable on the state of the title existing at the time the petition was filed and is being prosecuted to a final decision.

2. There was no error in the ruling of the trial judge that "Title by adverse possession rests among other factors upon acquiescence by a rightful owner of the land . . . [and the finding] that after the filing of the petition there was no acquiescence on the part of the petitioner."

This ruling or combined finding and ruling was made by way of explanation of the ruling previously considered and bears solely upon the question of the effect of interruption by the filing of a petition for registration on adverse possession. Its significance is merely that the so called acquiescence of an owner of land in hostile possession thereof, — as distinguished from permission for possession not hostile — implied from the failure of an owner to assert his rights effectively against a person in adverse possession, comes to an end when

— and as of the date of the petition — such owner effectively asserts his rights by a petition for registration, on a principle analogous to the effect of a successful assertion of such rights by a writ of entry. *McMullen* v. *Porch, ante,* 383. Compare *Butrick, petitioner,* 185 Mass. 107, 111.

3. There was no reversible error in the ruling of the trial judge that "the words in G. L. c. 185, § 26, 'held and possessed' refer to the title and not to the land itself," or in the denial of the request for the related ruling that "The petitioner did not hold and possess the locus in fee simple within the meaning of G. L. c. 185 so as to entitle her to maintain this petition."

G. L. (Ter. Ed.) c. 185, § 26, provides that petitions for registration of title may be brought by persons "who claim . . . to own the legal estate or easements or rights in land held and possessed in fee simple." The history of the statute indicates that the words "held and possessed" do not refer to the "legal estate . . . in fee simple," which the petitioner sought to register. When first enacted the land registration act authorized the bringing of petitions for registration of title by persons "claiming . . . to own the legal estate in fee simple." St. 1898, c. 562, § 19. This language was incorporated in R. L. c. 128, § 18, without substantial change. However, by St. 1905, c. 249, § 2, entitled "An Act relative to the registration of certain easements by the land court," R. L. c. 128, § 18, was amended by inserting therein after the word "estate" the words "or easements or rights in land held and possessed" so that the statute in this respect thereafter read as at present. See G. L. (Ter. Ed.) c. 185, § 26. It seems clear that this amendment was intended merely to extend the jurisdiction of the Land Court to the registration of "easements or rights in land held and possessed," and not to limit the jurisdiction previously conferred upon the Land Court of petitions for registration by persons "who claim . . . to own the legal estate in fee simple," and that the words "held and possessed," whatever their force, do not apply to persons claiming "to own the legal estate . . . in fee simple." See also St. 1905, c. 249, § 4. Whether or not — a point we

do not decide — the interpretation given to the statute by the judge of the Land Court in his ruling is correct as applied to "easements or rights in land," it has no application to "the legal estate . . . in fee simple." Consequently, the requested ruling was denied rightly because inapplicable and the ruling made if construed strictly, since immaterial, was harmless.

The respondents, however, treat the ruling made as a ruling that actual possession of land by a petitioner for registration thereof is not essential. And this apparently was the effect given to this ruling by the judge. The respondents contend that the ruling so construed was wrong. But there is nothing in the language of the statute apart from the words "held and possessed" — which we hold to be inapplicable to a legal estate in fee simple — indicating that actual possession of land sought to be registered is a condition precedent to registration. The general purpose of the proceeding is the determination of title to land, not the recovery of possession thereof. Actual possession of land by a petitioner is not such an inherent necessity of the proceeding that a requirement of such possession is to be read into the statute in the absence of an express statutory provision therefor. Compare Hogg's Australian Torrens System, 938; Hogg, Registration of Title to Land Throughout the Empire, 49–50. Moreover, the fact that registration is not dependent upon actual possession seems to have been recognized in the year following the enactment of the land registration act by the passage of an amendment to the statute dealing with summary process for the recovery of land (then Pub. Sts. c. 175) whereby § 1 thereof was amended by adding to the cases in which such process can be brought cases arising "when the court of registration has entered a decree for confirmation and registration of the title to land." St. 1899, c. 120 (see now G. L. [Ter. Ed.] c. 239, § 1). The analogy to petitions to require action to try title is not helpful to the respondents, for, by the express provisions of the statute authorizing such petitions, they can be brought only by persons in possession. G. L. (Ter. Ed.) c. 240, § 1. Nor is the analogy to suits

in equity to quiet title helpful, for a legal owner of land not in possession has an adequate remedy at law, and, consequently, does not require this form of equitable relief. Compare *First Baptist Church of Sharon* v. *Harper,* 191 Mass. 196, 209. Pom. Eq. Jur. & Eq. Rem. §§ 2153, 2154. Petitions for registration are not subject to this limitation applicable to suits in equity. It follows that, even if the ruling made is given the force attributed to it by the respondents, it was not erroneous. For like reasons, also, the ruling requested was denied rightly.

4. The respondents' exception to the ruling that "the tax deed from the town of Plymouth to the respondent Wyand constituted payment and extinguishment of the tax title" has not been argued and we treat it as waived. It relates only to the respondent Wyand's rights under the deed from the town of Plymouth and does not affect his rights by virtue of his adverse possession and that of his predecessor in title. Since the rulings of the trial judge, already considered, which we sustain, and his findings, which are not shown to be erroneous as matter of law, in regard to the interruption of adverse possession by the filing of the petition for registration dispose of the case in favor of the petitioner, it is unnecessary to discuss the exception of the respondents to the ruling dealing with tacking of possessions. Even if this ruling was erroneous, as we do not imply, the respondents could not prevail.

*Exceptions overruled.*