CORA L. ADAMSON *vs.* CHARLES T. GUILD.

Suffolk.     November 12, 1900. — January 2, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

In an action to recover for services as bookkeeper, where the defence was that the plaintiff was a partner with the defendant and another person, there was a conflict of evidence as to the facts on which the question of partnership depended. *Held,* that the existence of the partnership was a question of fact to be left to the jury, under instructions of the presiding judge as to what in law would constitute a partnership. *Held, also,* that on the evidence in this case the jury were warranted in finding that the plaintiff was an employee of the defendant.

CONTRACT, to recover $200 and interest for services alleged to have been performed by the plaintiff for the defendant in the defendant's store in Somerville. Writ dated March 8, 1899.

At the trial in the Superior Court, before *Aiken,* J., the defendant contended that he never employed the plaintiff, but that the plaintiff was a partner with the defendant and one Miss York in the business in which the services were rendered, or that the services were rendered in contemplation of and for the benefit of such partnership. The evidence was conflicting.

The business was that of a grocer and provision dealer.

The plaintiff testified that the defendant employed her as bookkeeper and Miss York as manager, and agreed to pay each of them $50 a month. This was denied by the defendant. Both parties testified that a partnership consisting of the defendant, the plaintiff and Miss York was talked of, and that partnership papers were drawn. The plaintiff testified that these papers were never signed by any of the parties. On cross-examination she testified in answer to a question whether she was to keep the books under the partnership arrangement: " Yes, and until

the partnership papers were signed, of course I was an employee. For some reason or other he never would sign the papers, could not induce him to sign them. At several times they were brought out, all three interested parties together, and he still would never sign the papers. Possibly he did n't care to have me as a partner at that time. I think that was it." The defendant testified that he signed the papers and that they were signed later by Miss York and the plaintiff. The defendant further testified that, after he had sold the store in which the business was carried on, he tore these papers up and threw them away when he was cleaning out his desk. The facts are stated more fully in the opinion of the court.

After all the evidence was in, and before argument, the defendant requested the judge to rule that the evidence was not sufficient to support a finding for the plaintiff, and to order a verdict for the defendant, which ruling and request were refused, and the defendant excepted.

After the arguments of counsel to the jury, and before the charge by the judge, the defendant requested the following rulings :

First. " On the whole evidence and law the jury should be instructed to find a partnership existed between Mr. Guild, Miss Adamson and Miss York during the time declared on."

Second. " That if a partnership existed during the time for which payment for services are declared for, the action cannot be maintained."

These requests and rulings were refused, and the defendant excepted.

At the conclusion of the judge's charge the defendant excepted to that portion which was as follows, " Whether there was a partnership is a question of fact for you to determine," and requested the judge to rule that " It was a question of law whether or not there was a partnership on the evidence, and for the court, not for the jury," which ruling was refused, and the defendant excepted. The judge then further stated to the jury, " Gentlemen of the jury, the question whether there was a partnership in this case is a question for you ; I will put the proposition in that form," — to which instruction the defendant excepted.

The charge contained instructions not excepted to as to what in law would constitute a partnership.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*M. E. S. Clemons,* for the defendant.

*C. T. Cottrell,* for the plaintiff.

LORING, J. In this action the plaintiff seeks to recover for her services as an employee in a certain store from May 7 to September 7, 1894, at the rate of $50 a month. The defendant admitted that the services were rendered, but set up as a defence that the plaintiff rendered them as a partner, or in contemplation that she was to become a partner, and he asked the court to rule that there was not sufficient evidence to warrant a verdict for the plaintiff and that upon the whole evidence there was, as matter of law, a partnership between them. These rulings were refused, and the jury found a verdict for the plaintiff in the full amount sued for. We are of opinion that there was evidence on which the jury was warranted in finding for the plaintiff.

There was evidence that in April, 1894, the month before the plaintiff went to work in the store, the defendant and the plaintiff, together with a certain Miss York, had a conference as to becoming partners for the purpose of buying and carrying on the grocery and provision store in question, then carried on by Miss York's father. The defendant was to furnish $3,000, fifteen hundred to be used in buying Mr. York's interest in the business and fifteen hundred to be used in carrying it on after it was bought. Each of the other two was to give the defendant a promissory note for $1,000, indorsed by a satisfactory indorser. About a week after this conversation, and in the early part of May, the defendant bought Mr. York's interest in the business for $1,500, and the business was carried on at the store until the early part of September, when the defendant sold the business, without consulting either the plaintiff or Miss York. The defendant had a written agreement of partnership drawn up in triplicate, and he testified that one of the triplicate originals was signed both by the plaintiff and Miss York; on this point, the evidence was conflicting; the plaintiff testified that this agreement was not signed by her, by the defendant, or by

Miss York, and that no one of the three triplicate originals was ever signed by any of them. The three original copies of the agreement were knowingly and voluntarily destroyed by the defendant after he sold the business ; — he testified that he destroyed them because he was cleaning out his desk. The defendant testified that he never received from the plaintiff or from Miss York the note he was to have received. The plaintiff testified that at the conference in April, before the business was bought, the defendant said to her and to Miss York, " You will each receive $50 a month " ; and, on cross-examination, she testified that she went to work as an employee of the defendant until the partnership papers were signed ; that the defendant, for some reason would not sign the papers, though they were brought out when the plaintiff, the defendant and Miss York were present; and she supposed he did not want her, the plaintiff, as a partner, for some reason. And further, that the terms on which the partnership was to be made never had been definitely agreed upon, and were to be settled only when the papers were signed.

We are of opinion that on this evidence the jury was warranted in finding that the plaintiff rendered the services which were rendered, as an employee of the defendant. The defendant relies on *Dickinson* v. *Robbins*, 12 Pick. 74, as decisive of this case. But in that case, if there was a partnership it was a partnership carried on in the name of the defendant alone, in which the defendant owned all the property used in the business, and the sole question was whether there was a partnership in profits and losses; while in the case at bar, on the defendant's own contention, he found himself in the position of having supplied the whole capital, solely because the plaintiff and Miss York had each failed to give him a promissory note for one third of it, as he claimed that they were bound to do by the terms of the contract by which they were to become partners ; and there was direct evidence that until the partnership agreement was signed the plaintiff was an employee of the defendant.

It is a fact of importance in this connection that the presiding judge instructed the jury that the plaintiff could not recover if she rendered the services in question in expectation that there would be a partnership formed and that then she would get her

)

compensation, even if no partnership ever came into existence, as well as in the contingency that a partnership was, in fact, formed.

The defendant also requested the judge to rule that it was a question of law for the court whether, on the evidence, there was a partnership, and that that question was not a question of fact for the jury. As there was a conflict in the evidence as to the facts which were decisive of the question of partnership, this question was properly left by the judge to be decided by the jury as a question of fact, under his instructions as to what, in law, would constitute a partnership.

*Exceptions overruled.*