MERTON H. WHEELOCK *vs.* CONSTANTENOS ZEVITAS & another & trustees.

Suffolk. November 12, 1917. — January 5, 1918.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Agency,* Agent's duty of fidelity. *Practice, Civil,* Parties, Election between counts, Exceptions, Waiver. *Partnership. Broker,* Commission. *Contract,* Implied. *Waiver.*

The mere fact, that two persons held themselves out as partners doing business as real estate brokers and could be considered such by their creditors, is not a bar to an action brought by one only of them for a commission as broker, if it does not also appear that by agreement between themselves they were partners.

Where the evidence as to such an agreement is conflicting, the question of its existence is for the jury.

Where, at the trial of an action upon an account annexed for commissions alleged to have been earned by the plaintiff as a real estate broker, there is evidence

tending to show that the plaintiff as a broker contracted with the defendant to procure for him for certain commissions a lease to him of certain buildings and tenants who should sublet from the defendant, that the leases and tenants were obtained, that the plaintiff performed his part of the contract and that the defendant refused to pay him, the question of the defendant's liability is for the jury.

At the trial of an action upon a *quantum meruit* for the value of services as a real estate broker alleged to have been rendered by the plaintiff to the defendant, there was evidence tending to show that the plaintiff agreed to secure for the defendant a lease of certain buildings for which he was to receive a certain commission, but that he was not to receive his commission until the premises were rented for as much as or more than the defendant paid for his lease, that the plaintiff was to assist in placing subleases for the defendant without compensation, that the plaintiff performed his part of the agreement, and that, if he had been let alone in the management of the property and had had a little co-operation from the defendant, the property would have been sublet for a sum in excess of that paid by the defendant, but that the defendant, by his lack of diligence and failure to aid the plaintiff, prevented the property from making such return. *Held*, that the plaintiff had a right to go to the jury on the question whether he should recover the value of his services.

Where the declaration in an action of contract by a real estate broker contains two counts, the first upon an account annexed for certain specific commissions and the second upon a *quantum meruit* for the value of services rendered as a real estate broker, and there is evidence tending to show that the services described in the first count were rendered, and also evidence that such services were not to be paid for until the real estate in question made a certain return to the defendant, which it had not done, but that the failure of such a return was due to lack of diligence and failure of the defendant to aid the plaintiff in bringing about such a return, the plaintiff need not be required to elect between the counts but may be permitted to go to the jury upon both of them.

If, at the trial of an action by a real estate broker for his commission, there is evidence tending to show that the plaintiff did not disclose to the defendant a material fact which he learned while acting in the course of his duties as the defendant's broker, the defendant in order to rely on the defence of want of fidelity of the plaintiff must call the attention of the trial judge specifically to such a contention either by a request for a ruling or in some other way; and, if he does not do so, he cannot raise the contention for the first time in this court or on an exception to a refusal of the judge to grant a general request for a ruling that the plaintiff was not entitled to recover.

In this case it was *said* that the information which the plaintiff did not communicate to the defendant did not appear to have been in regard to a fact of material importance to the defendant.

CONTRACT, with a declaration as amended in two counts, the first count being upon an account annexed containing six items, amounting in all to $2,370.21 for commissions "on lease 33, 35, 37 Tremont St., Boston, from Arthur L. Braus to" the defendants, for "commission on lease of store and basement, 35 Tremont St., from" the defendants to William Sheinwald, for "commission

on lease 3d floor, 37 Tremont St.," from the defendants to "Imperial Photographic Studio, Inc.," and for interest. The second count was upon a *quantum meruit* for $2,500 for services rendered to the defendants "in connection with leasing and subleasing the estate known as 33, 35 and 37 Tremont Street, Boston, during the years 1911, 1912, 1913 and 1914." Writ dated July 31, 1914.

In the Superior Court the action was tried before *Chase*, J.

One contention of the defendants was that, if they were indebted to the plaintiff, they were indebted to him jointly with one William V. Fischel, who was living and should have been joined as a plaintiff in the action. The evidence on this issue was conflicting. At the close of the evidence the defendants moved that a verdict be ordered for them. The motion was denied, and a special question was submitted to the jury, "Were the plaintiff and Fischel partners?" The jury answered the question in the negative.

The defendants received a sublease of the premises in question from Braus at a yearly rental of $18,500, they paying the taxes.

Other evidence on the other issues involved is described in the opinion, where also are set out other contentions and requests of the defendants for rulings. A further special question, "Was the the payment of a commission to the plaintiff upon the Braus lease dependent upon a condition which had not been performed prior to July 31, 1914, [the date of the writ]?" was submitted to the jury, and was answered in the negative.

The jury found for the plaintiff in the sum of $2,370.21; and the defendants alleged exceptions.

*J. H. Casey*, (*F. J. Muldoon* with him,) for the defendants.

*J. M. Hoy*, for the plaintiff.

CARROLL, J. The plaintiff seeks to recover for services performed in obtaining a lease of a certain building for the defendants and in securing tenants for the same. The declaration is in two counts, the first on the account annexed and the second upon a *quantum meruit*. There was a verdict for the plaintiff.

The defendants asked the trial judge to rule (1) "Upon all the evidence the plaintiff is not entitled to recover," (2) "The plaintiff is not entitled to recover upon any count of this declaration," and (3) "The plaintiff is not entitled to recover upon the *quantum meruit* count of his declaration." These requests for rulings were

refused and the defendants excepted. In answer to a specific question the jury found that the plaintiff was not a partner of Fischel; and to the question "Was the payment of a commission to the plaintiff upon the Braus lease dependent upon a condition which had not been performed prior to July 31, 1914, [the date of the writ]?" they answered in the negative, and found for the plaintiff.

Braus was the lessee of the premises 33, 35, 37 Tremont Street, Boston. The largest item in the account was for a commission in obtaining this lease for the defendants. The defendants contend that Fischel was a partner of the plaintiff.

To prevent the plaintiff's recovery because of the alleged partnership with Fischel, it was not enough to show that they held themselves out as partners and could be considered such by their creditors. It was necessary to show that they were partners between themselves and not merely partners as to third persons; that Fischel was in fact a partner of the plaintiff and entitled with him to bring the action. As stated by Chief Justice Shaw in *Bishop* v. *Hall*, 9 Gray, 430, 432, "It is not enough that parties held themselves out or suffered themselves to be held out as partners; this might be sufficient to charge them as defendants, either in contract, or for negligence or want of skill; but the same proof, when partnership was set up to prevent one from recovering, would wholly fail of establishing it." Whether they were in fact partners depended upon the agreement of the parties. *McMurtrie* v. *Guiler*, 183 Mass. 451. And as the evidence was conflicting, this question was properly submitted to the jury. *Adamson* v. *Guild*, 177 Mass. 331.

There was some evidence that the plaintiff, acting as a real estate broker, contracted with the defendants to procure for them the Braus lease for a commission of $1,116.72, and two other leases to other tenants, one for a commission of $839.38 and one for a commission of $160; that these leases were obtained; that the plaintiff performed his part of the contract, and the defendants refused to pay him. Upon establishing these facts the plaintiff could recover on the account annexed. *Lovell* v. *Earle*, 127 Mass. 546. There also was evidence tending to show that the plaintiff agreed to secure the Braus lease for the defendants, but was not to receive the agreed commission of $1,116.72 until

the premises were rented for "as much or more than you pay Braus," and that the plaintiff was to assist by securing a sublease for the defendants without compensation. It was the contention of the plaintiff that he fully performed his agreement and that the defendants refused and neglected to co-operate with him; that "if he [the plaintiff] had been let alone in the management of the estate and had had a little co-operation from the defendants," the premises could have been rented for $25,000 a year. There was other evidence tending to show that the defendants, by their lack of diligence and failure to aid the plaintiff, prevented the estate from returning the amount stated. Upon these facts the plaintiff had the right to go to the jury on the *quantum meruit* count and recover the value of his services. See *Gillis* v. *Cobe*, 177 Mass. 584; *Hayward* v. *Leonard*, 7 Pick. 181.

There was no error in refusing to order the plaintiff to elect upon which count he would proceed. The counts were not inconsistent and with the conflicting evidence on each count, it could not be known which view of the case the jury would accept. *Young* v. *Hayes*, 212 Mass. 525, 532.

The defendants were desirous of controlling the leased premises and securing the Braus lease for purposes connected with their business. After the defendants had accepted the offer of Braus, the plaintiff, on inspecting the lease, found that Braus was paying a yearly rental of $14,000 and taxes. There is no evidence that this fact was made known to the defendants. While a broker must act in perfect good faith and disclose to his employer every material fact known to him, it does not appear that the rent paid by Braus was a fact of material importance to the defendants; and even if it were such, the defendants did not call the court's attention to this question. They asked for no ruling relating to this aspect of the case and did not except to the rulings given. This contention, therefore, is not now open to the defendants.

We find no error of law in the conduct of the trial.

*Exceptions overruled.*