LYNNE TEWKSBURY & another *vs.* FELLSWAY LAUNDRY, INC.

Middlesex.    March 5, 6, 1946. — March 30, 1946.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & SPALDING, JJ.

*Release. Mistake. Contract,* Rescission.

A general release, founded on consideration and given in settlement of a claim for personal injuries arising from an accident, was binding upon the releasor in the absence of fraud or concealment and he could not obtain its cancellation on the ground of mutual mistake when he later discovered that, due to facts unknown to and unsuspected by either party to the release at the time of its execution and delivery, the accident had caused him injury beyond that contemplated by either party at the time of the settlement.

BILL IN EQUITY, filed in the Superior Court on September 7, 1945.

The case was heard on demurrer by *Dillon*, J.

*N. Greenberg*, for the plaintiffs.

*J. P. Sullivan*, (*A. F. Bickford* with him,) for the defendant.

DOLAN, J. This bill in equity is brought to have certain releases declared to be null and void, and for a permanent injunction to restrain the defendant from setting up the releases as a bar to an action brought by the plaintiffs on March 15, 1945, against the defendant for personal injuries and consequential damages, and from setting up an agreement for judgment in a prior action as "a defence of res adjudicata." The grounds of the demurrer are (1) that the

plaintiffs have not stated in their bill a cause for any relief in equity against the defendant, (2) laches on the part of the plaintiffs, (3) that Brine (the operator of the defendant's truck) is a necessary party, and (4) that a case is not stated for cancellation or recission of the releases. The present case comes before us on the appeal of the plaintiffs from the interlocutory decree sustaining the defendant's demurrer and from the final decree dismissing the bill.

The material allegations of the bill are these: On or about July 7, 1943, the minor plaintiff, hereinafter called the plaintiff, was struck and injured by a truck owned and controlled by the defendant and operated by one Brine, an agent or servant of the defendant, for whose acts in the operation of the vehicle the defendant was responsible. The plaintiff was taken to a hospital where she was an in-patient until her discharge on August 31, 1943. Her injuries were diagnosed as "abrasion of face and right hip, laceration in right groin, and fracture of the right femur." While at the hospital and thereafter until December 1, 1943, the plaintiff was under the care of a physician, who on that day advised the mother of the plaintiff that the latter's injuries had entirely cleared up and that the plaintiff had made a complete recovery to good health. At that time the plaintiff ostensibly was "in excellent health and could fully utilize in a normal fashion all the members of her body, including her previously injured right leg." In reliance upon the opinion of the doctor, coupled with the outward appearance of complete recovery from her injuries by the plaintiff, the mother of the plaintiff settled her claim and that of the plaintiff for $1,850, and in pursuance of the settlement executed a release to the defendant and Brine for $850 in complete discharge of her claim for consequential damages "ensuing from the aforementioned accident" and a release to the same persons in the sum of $1,000 in complete discharge of all claims of the plaintiff so ensuing. An agreement for judgment for the plaintiff was filed in court, and on December 22, 1943, execution was issued and returned indorsed as fully satisfied. Thereafter (on April 1, 1944), the plaintiff became afflicted with

an "aggravated and perilous condition of osteomyelitis of the right leg . . . [a] condition . . . directly, solely and exclusively a result of the accident and injuries hereinbefore set forth." In consequence the plaintiff has been and remains totally disabled, and extensive bills for medical treatment, medicines, and hospitalization have been and will continue to be incurred. Many doctors have advised that the plaintiff has and will continue to have a permanent disability of her right leg. At the time of the execution of the releases and the agreement for judgment the parties were unaware of the "latent and inchoate osteomyelitis condition of the plaintiff" and deemed her to have been fully recovered, and as a result entered into the settlement without taking into account the "actual and true injuries" sustained by the plaintiff. The releases and agreement in question were executed by reason of a material mutual mistake of fact. It is further alleged in the bill that on March 15, 1945, the plaintiffs brought action in the Superior Court to recover "damages" for injuries arising out of the same accident; that the defendant has answered setting up the releases before referred to in bar and the judgment entered in the prior action as a defence on the ground of res judicata; that the plaintiffs are unable to bring a petition for writ of review under G. L. (Ter. Ed.) c. 250, § 22, because of lapse of time; and that they have no plain, adequate and complete remedy at law. There are no allegations in the bill that any fraud or duress was practised by the defendant or that there was any concealment or misrepresentation on its part.

The decrees appealed from were entered rightly. It is settled in this Commonwealth that one who executes a release for consideration for the injuries then known cannot, on the subsequent discovery of injuries not known or suspected at the time of settlement, obtain a cancellation of the release on the ground of mutual mistake, and that the release is binding in the absence of fraud or concealment. *Wood* v. *Massachusetts Mutual Accident Association,* 174 Mass. 217. *Parke* v. *Boston,* 175 Mass. 464. See also *Walsh* v. *Fore River Shipbuilding Co.* 230 Mass. 89; *Willett*

v. *Herrick,* 258 Mass. 585, 595; *Radovsky* v. *Wexler,* 273 Mass. 254, 258. *Tupper* v. *Hancock, ante,* 105, 107–108. The great weight of authority supports the view that a release of a claim for personal injuries cannot be avoided merely because the injuries proved more serious than the releasor believed them to be at the time of executing the release, and that, in order to invalidate a release on account of mutual mistake, the mistake must relate to a past or present fact material to the contract and not to an opinion respecting future conditions as a result of present facts. *Spangler* v. *Kartzmark,* 121 N. J. Eq. 64, 68–69, and cases cited. *Nelson* v. *Minneapolis Street Railway,* 61 Minn. 167, 169. *Seeley* v. *Citizens Traction Co.* 179 Penn. St. 334, 338. *Kowalke* v. *Milwaukee Electric Railway & Light Co.* 103 Wis. 472, 479–481. *Morris* v. *Seaboard Air-Line Railway,* 23 Ga. App. 554, 557–558. *Lawton* v. *Charleston & Western Car Railway,* 91 S. C. 332, 334–335. *Great Northern Railway* v. *Fowler,* 136 Fed. 118; certiorari denied, 197 U. S. 624. *Moruzzi* v. *Federal Life & Casualty Co.* 42 N. M. 35. In so far as certain cases decided in some other jurisdictions are in conflict with the foregoing view, we do not follow them. The bill in the present case does not state a case for relief.

> *Interlocutory decree sustaining demurrer affirmed.*
> *Final decree affirmed with costs.*