*Northern District*

No. 7581

**WILLIAM SELBY, ppa**

**v.**

**ROBERT GORDON**

Argued: June 3, 1971.   Decided: July 30, 1971.

*Present:* Parker, P. J., Cowdrey, Mason, JJ.

Case tried to *Troy, J.* in the Municipal Court of the Dorchester District No. 43539.

**Mason, J.** In this action of contract, the plaintiff, a minor, seeks to recover from the seller the purchase price of an automobile. The answer is a general denial and payment with the further answer that the defendant never entered into a contract with the minor plaintiff, and a denial that the plaintiff is a minor with demand for proof and that the plaintiff never disaffirmed the alleged contract.

The court found for the defendant.

**At the trial there was evidence to show that** the defendant had a place of business at a garage in Dorchester, Mass., and that business was selling used cars. The plaintiff went to the garage, met with the defendant, told the defendant that he wanted to buy a 1965 Chevrolet Impala, four-door hardtop. When asked by the defendant, the plaintiff told the defendant that

he was eighteen years of age. The defendant told the plaintiff that he could not sell the car to him because he was under age, but would sell the car to his brother Saul if he were over twenty-one years of age.

Several days later, a man introduced as Saul Selby appeared with the plaintiff, looked at the 1965 Chevrolet Impala, four-door hardtop. The price was determined and it was agreed that when the money was delivered to the defendant's garage, the car and a bill of sale would be released. Several days later, a person unknown to the defendant, left an envelope at the garage. The car and bill of sale were turned over to that person. There was evidence that the bill of sale was made out and signed by Bel-Aire Motors, Inc. — By: Robert Gordon, with no capacity designated, to Saul Selby, Purchaser. The Purchaser's acknowledgment of receipt on the bill of sale was not signed. The envelope contained a check in the sum of $400.00, dated July 14, 1969, payable to William Selby and endorsed by William Selby. The defendant contacted the plaintiff and informed him that his brother Saul, or someone acting in his behalf, picked up the car leaving only $400.00 and that was not according to the agreement. The plaintiff then made a further payment to the defendant by a check in the sum of $325.00 drawn on the Quincy Savings Bank dated August 20, 1969 payable to William Selby and endorsed by William Selby. Each of the checks was introduced

in evidence and contained the endorsement of the defendant, in an individual capacity, thereon.

The automobile was registered on July 10, 1969 in the name of the plaintiff and the action to recover the sum of $725.00 paid by the plaintiff to the defendant was commenced prior to the plaintiff's twenty-first birthday.

The plaintiff seasonably filed the following requests for rulings all of which were denied by the court:

1. Contracts of minors are voidable at the option of the minor in accordance with the policy of the law to afford protection to minors from their own improvidence and want of sound judgment.

2. Any evidence offered by defendant that a bill of sale was made out to anyone other than William Selby is indicative of a conscious scheme by the defendant to try to prevent the plaintiff asserting his avoidance of the payments made by the minor plaintiff.

3. The evidence of defendant's acceptance of payments from the minor plaintiff requires a finding that defendant negotiated the sale of the automobile with the minor plaintiff only.

4. Defendant's evidence that minor plaintiff 'told me he wanted to buy a 1965 Chevrolet Impala four-door hardtop.' put

defendant on notice that he was dealing with the minor plaintiff.

5. A finding for the minor plaintiff is required.

The court made no special findings of fact.

■ A trial judge, sitting without a jury, must correctly instruct himself as to the governing principles of law and must pass upon pertinent requests for rulings of law presented to him for this purpose in such a way to make plain that he has not fallen into error. *Home Savings Bank* v. *Savransky,* 307 Mass. 601, 603. Upon proper requests, the trial judge must state the rules of law adopted by him as a trier of fact in order that the right of review thereof may be preserved. *Adamitis* v. *Metropolitan Life Insurance Co.,* 295 Mass. 215, 219. The only exception to this requirement is where special findings of fact of the trial judge render the requests immaterial. Since the trial judge made no findings of fact, the case at bar does not fall within this exception.

■ Contracts of minors are voidable at the option of the minor in accordance with the policy of the law to afford protection to minors from their own improvidence and want of sound judgment, and can be avoided or disaffirmed during infancy. *Rothberg* v. *Schmiedeskamp,* 334 Mass. 172, 175

The defendant was on notice that the plaintiff was a minor. The evidence is undisputed that the defendant accepted payment from him.

The bill of sale made out to Saul Selby as purchaser is indicative of a conscious scheme by the defendant to try to prevent the plaintiff from asserting his avoidance of the payment. *Frye* v. *Yasi*, 327 Mass. 724, 729.

A minor, in order to avoid a contract, is not obliged to use any particular words or perform any specific acts. Any acts or words showing unequivocally a repudiation of the contract are sufficient to avoid it. *Tracy* v. *Brown*, 265 Mass. 163, 164. The bringing of the action prior to his twenty-first birthday constitutes an effective repudiation of the contract. *Del Santo* v. *Bristol County Stadium, Inc.*, 273 F2d 605, 607.

There were requests stating correct principles of law or related to the factual situation which, if found to exist, would be decisive of the issue in the case. These requests, therefore, required the judge to grant them or to state facts found by him which made the requests inapplicable, and otherwise to comply with Rule 27 of the Rules of the District Courts (1965, as amended). Failure to do so constitutes reversible error. *Stella* v. *Curtis*, 348 Mass. 458, 463.

**Finding for the defendant is to be vacated and finding for the plaintiff is to be entered.**

SUMNER BAUMAN
  for Plaintiff.
SUMNER S. FOX
  for Defendant.