*Western District*

## TRAVELERS INSURANCE COMPANY

### v.

### BERNICE R. LONG

Argued: Dec. 6, 1972 - Decided: Dec. 7, 1972

*Present:* Garvey, P.J., Dudley, Larkin, JJ.

Case Tried to *Sloane, J.* in the District Court of Springfield, Case No. 207389.

**Dudley, J.** In this contract action the plaintiff seeks to recover the sum of $538.92 which it alleges was by its mistake, overpaid by it to the defendant for damages caused to the defendant as the result of a collision between the automobile of the plaintiff's assured and the automobile of the defendant.

The defendant answered in general denial, that the defendant furnished the plaintiff an

agreement in full satisfaction of its cause of action, that the plaintiff is estopped by its acts and conduct to assert its claim; and that an accord and satisfaction was entered into.

The trial judge found for the plaintiff in the sum of $538.92.

The plaintiff's claims — supervisor was the only witness at the trial.

**The evidence tended to show that** on February 14, 1969, the plaintiff's assured's car collided with the rear of the car of the defendant, causing damage to the assured's car in the amount of $688.92 and damaging the defendant's car to the extent of its full value as determined by the plaintiff.

Evidence further showed that the Red-Book appraisal value of the defendant's car was $150.00 but the National Automobile Dealers Association value of the same was $340.00.

By mistake of the plaintiff, a check in the sum of $688.92 was sent to the defendant, who received and cashed the same and who gave to the plaintiff a release of all demands in return for the same.

The plaintiff seeks the return of $538.92 on the basis of deducting from the amount paid the sum of $150.00 (the value claimed by the plaintiff to be the worth of the defendant's car) less $25.00 salvage, plus $25.00 towing charge.

The defendant seasonably filed requests for rulings as follows:

1. The evidence warrants a finding for the defendant.

2. The evidence is insufficient to warrant a finding for the plaintiff.

3. The evidence requires a finding for the defendant.

4. The evidence required a finding for the defendant as there was no evidence of any mutual mistake.

5. The evidence requires a finding for the defendant as the plaintiff made a voluntary payment to the defendant.

6. The evidence requires a finding for the defendant as the payment which the plaintiff made was in settlement of an unliquidated claim.

7. The evidence requires a finding for the defendant as the parties entered into an agreement which precludes the plaintiff from recovering in this case.

8. In the absence of a mutual mistake the agreement whereby the plaintiff paid the defendant a sum of money for a release cannot be set aside in the absence of fraud or concealment. *Tewksbury* v. *Fellsway Laundry Inc.,* 319 Mass. 386, 388.

9. If the sum now sued for was allowed in settlement between the parties, without fraud, by way of compromise of a doubtful claim, it cannot be recovered back.

10. The defendant would have been entitled to recover as elements of damages arising from the accident described in

plaintiff's declaration those amounts to compensate her for being unable to use her vehicle and also for damages to her property within said vehicle in addition to damages for the loss of the vehicle.

The trial judge allowed requests ## 1, 8, 9, and 10. He denied requests ## 2, 3, 4, 5, 6, 7.

The court made the following special findings of fact: "I find that as a result of an accident in which the defendant was involved the plaintiff by mistake overpaid the defendant by the sum of $538.92."

"I find there was no mutual mistake of fact."

The defendant claimed to be aggrieved by the denial of her requests ## 2, 3, 4, 5, 6, and 7 and by the findings of fact of the trial judge, also by the lack of findings of fact on the part of the trial judge.

The report states that it contains all of the denial of her requests ## 2, 3, 4, 5, 6, and 7 and by the findings of fact of the trial judge, also by the lack of findings of fact on the part of the trial judge.

The report states that it contains all of the evidence material to the issues involved in this case and we must assume this is true.

Nowhere in the report or in the pleadings or in the testimony, is there any reference to any evidence of fraud or concealment on the part of the defendant in this case and we must assume that there was none.

██. The trial judge, sitting without a jury, has a twofold duty:

(a) To instruct himself as to the law pertinent to the case; and

(b) To pass upon requests for rulings of law presented to him in such a way as to manifest that he has not fallen into error and has. properly applied the pertinent law to the facts found. by him. *Selby* v. *Gordon,* 46 Mass. App. Dec. 197.

██ A trial judge is required to allow requests for rulings presented to him which state the correct legal principles that apply to facts warranted by the evidence presented at the trial, or to state the facts found by him which render those requests inapplicable. *Selby* v. *Gordon,* 46 Mass. App. Dec. 197.

Upon proper requests, the trial judge must state the rules of law adopted by him as a trier of fact in order that the right of review thereof may be preserved. *Adamaites* v. *Metropolitan Life Ins. Co.,* 295 Mass. 215, 219. The only exception to this requirement is where special findings of the trial judge render the requests immaterial.

If the requests state correct principles of law or relate to the factual situation which, if found to exist, would be decisive of the issue in the case, the judge is required to grant them or to state the facts found by him which made the requests inapplicable. Failure to do so constitutes reversible error. *Stella* v. *Curtis,* 348 Mass. 458, 463.

██. In the absence of fraud, concealment or mutual mistake a release given for consideration is binding. *Tewksbury* v. *Fellsway Laundry Inc.*, 319 Mass. 386.

In the defendant's request #5 the defendant argues that the plaintiff was not entitled to recover back the sum paid by it in excess of the amount the plaintiff claimed was due, because the payments were voluntary.

"The defendant invokes the familiar rule that money voluntarily paid under a claim of right, with full knowledge on the part of the one making the payment, cannot be recovered back unless there is fraud or concealment or compulsion by the party enforcing the claim." *Murphy* v. *Brilliant Co.*, 323 Mass. 526, 529. *Carey* v. *Fitzpatrick*, 301 Mass. 525 and cases cited.

This is true although no obligation to make the payment existed. *Rosenfeld* v. *Mutual Ins. Co.*, 222 Mass. 284, 289.

██ We find reversible error in the denying of defendant's request #4 and in the failure of the trial judge to set forth the facts found by him which in his opinion made the request inapplicable.

In the allowance of defendant's request #8 and the denial of defendant's request #4, in the absence of a finding of fraud or concealment and in view of the special finding that there was no mutual mistake, which action of the trial judge is not explained by him in his

findings, we find that there is an inconsistency amounting to reversible error.

Prejudicial error having been found, **the finding for the plaintiff is to be vacated and a finding for the defendant is to be entered.**

BROOKS AND BROOKS of Springfield
   for the Plaintiff

LOUIS KERLINSKY of Springfield
   for the Defendant