*Western District*

No. 125

## SUPERIOR PLUMBING AND HEATING CO., INC.

v.

## GERARD ST. LAURENT

Argued: June 17, 1974 - Decided: July 22, 1974

*Present:* Dudley, P.J., Gould, Larkin, JJ.

Case tried to *Walsh, J.* in the District Court of Springfield, No. 218190.

**Dudley, P.J.** In this contract action for materials and labor the plaintiff, a plumbing contractor, seeks to recover a balance of $637.19 claimed to be owed by the defendant, a home builder.

The defendant answered in general denial and that the defendant personally never entered into any agreement with the plaintiff.

The trial justice found for the plaintiff in the sum of $637.19.

**The evidence tended to show that** the defendant ordered certain plumbing supplies and materials from the plaintiff and that the plaintiff supplied the same to the defendant between February 17, 1968 and December 12, 1968 for two jobs, the Pelletier job and the Dupont job.

The total cost of the two jobs was billed to the defendant in the amount of $2,285.19 of which $1,648.00 has been paid, leaving a balance unpaid in the amount of $637.19.

Evidence, apparently undisputed as far as the record shows, was offered to the effect that the charges made for the labor and materials were fair and reasonable and the trial court so found.

None of the bills for this work, sent to the defendant, were disputed until 1970.

There was no evidence to indicate that the plaintiff knew or should have known of any partnership in connection with the Pelletier or Dupont jobs. The defendant ordered these jobs and they were billed to him personally.

Further evidence was offered to show that the plaintiff during the same period that the Pelletier and Dupont jobs were being done, did work on two other jobs for which the defendant ordered labor and materials. Testimony was offered to indicate that the defendant informed the plaintiff that these two jobs were being done by him in partnership with Gerard A. Nantais. These two jobs were the Glendale Road job and the Pappas job.

The Glendale Road job and the Pappas job were billed to "Gerry and Gerry Too" which was presumably the name of the claimed partnership. These two jobs were paid for and are not involved in the present action.

There was no evidence to show that any checks or funds of the so-called "partnership" ever were used to make any payments on the Pelletier and Dupont jobs.

The defendant testified that he ordered the labor and materials for the Pelletier and Dupont jobs and also testified that he and one Nantais were partners and that he had brought suit against Nantais for an accounting. There was no evidence that the Pelletier and Dupont jobs were involved in the accounting.

The defendant testified that under his arrangement with Nantais the defendant did the building and Nantais did the book work. The defendant's job was to order the supplies and supervise the construction and Nantais paid the bills.

They had no written agreement and the only thing of record was a checking account.

The defendant seasonably filed requests for rulings, as follows:—

1. The evidence warrants a finding for the defendant.

2. The evidence requires a finding for the defendant.

3. As the goods for which the plaintiff is seeking to recover were sold to a partnership and used by the said partnership the plaintiff cannot recover from the defendant personally.

4. The evidence is insufficient to warrant a finding for the plaintiff in the amount claimed in its declaration.

5. The evidence is insufficient to warrant a finding that the amount claimed by the plaintiff in its declaration was either agreed upon by the defendant or fair and reasonable.

6. The evidence is insufficient to warrant a finding that the goods which the plaintiff allegedly sold was ever delivered to the Defendant personally.

7. The evidence warrants a finding that the plaintiff sold goods for use by a partnership.

8. As the defendant is one of two partners of a partnership which may be obligated to the plaintiff, the defendant is liable only jointly with his other partner and is not liable severally to the plaintiff. General Laws of Massachusetts, Chapter 108 A, Section 15.

9. As the plaintiff's debt is not one chargeable to the partnership of which the defendant was a member under Section 13 and 14 of General Laws of Massachusetts, Chapter 108 A, the defendant is not liable severally to the plaintiff.

10. Mass. Practice Series 8 150 *Capacity to be Party* ". . . As to partnerships, also, the general rule is that a partnership is not a legal entity which may sue or be sued as such, but proceedings by and against partnerships must be brought by or against all the partners.

11. Generally all partners should be made parties. *Shapiro* v. *Budish,* 275 Mass. 120, 175 N.E. 154, 162. *Gordon* v. *City of Medford,* 331 Mass. 119. *Steele* v. *Estabrook,* 232 Mass. 432.

12. Contract with Partnership is with members jointly not with either separately. *Thomas* v. *Benson,* 264 Mass. 555.

13. A contract by co-partners within the scope of the firms interest or business binds all and each. *Brittan* v. *Goodman,* 235 Mass. 471, 126 N.E. 767.

The court disposed of the requests as follows:—

"Defendant's Requests for Rulings are denied as immaterial following my findings of facts."

The court made special findings of facts as follows:—

This is an action of contract for Labor and Materials brought by a contractor against a home builder. There seems to be no real dispute about the amount owed, and after hearing all the evidence, I find plaintiff's charges were fair and reasonable and the balance due is correct.

However, the issue is whether the defendant owes the money himself or whether he was in partnership at the time in question with another by the name of Nantais. The defendant did have some business arrangement with

Nantais, but I find upon all the evidence that the relationship pertaining to the account in question did not constitute a partnership.''

The defendant claims to be aggrieved by the court's decision, the denial of his requests for rulings numbered 1-13 and by the court's findings of facts and lack thereof.

The trial justice, sitting without a jury, has a two-fold duty:—

(1.)   To instruct himself as to the law pertinent to the case; and

(2.)   To pass upon requests for rulings of law presented to him in such a way as to manifest that he has not fallen into error and has properly applied the pertinent law to the facts found by him. *Travellers Insurance Co.* v. *Long,* 50 Mass. App. Dec. 94, 99.

A trial justice is required to allow requests for rulings presented to him which state the correct principles of law that apply to facts warranted by the evidence presented at the trial, or to state the facts found by him which render those requests inapplicable. *Selby* v. *Gordon,* 46 Mass. App. Dec. 197.

Upon proper requests, the trial judge must state the rules of law adopted by him as a trier of fact in order that the right of review thereof may be preserved. *Adamaites* v. *Metropolitan Life Ins. Co.,* 295 Mass. 219.

The only exception to this requirement is where special findings of the trial judge render the requests immaterial. *Stella* v. *Curtis,* 348

Mass. 458. We find no prejudicial error in the trial below.

Partnership — The relation existing between two or more competent persons who have contracted to join in business and share the profits.

Webster's Dictionary

Partnership — A voluntary contract between two or more competent persons to place their money, effects, labor and skill or some or all of them in lawful commerce or business, with the understanding that there shall be a proportional sharing of the profits and losses between them.

Blacks Law Dictionary

See *Macomber* v. *Parker,* 13 Pick. 175, 181.

The relationship between the defendant and Nantais, as far as the report discloses, did not contain all of the essential elements of a partnership, namely an association of two or more persons to carry on as co-owners a business for profit. See Uniform Partnership Act, Sec. 6 (1).

Here there was no written contract and the only evidence as to the relationship of the parties with respect to the two jobs in question was that the defendant was to do the building and Nantais was to pay the bills from an alleged partnership check book, but there was no evidence to show that any bills for the two jobs in question ever were paid from that checking account.

This court recognizes that a partnership may exist under a verbal agreement. *Rizzo* v. *Rizzo*, 120 N.E.2d 546.

The intention of the parties is an important factor in determining whether a partnership was created. *Rosenblum* v. *Springfield Produce*, 243 Mass. 111, 116. *Magee* v. *Magee*, 233 Mass. 341, 345. *Seeman* v. *Eneix*, 272 Mass. 189, 194.

Whether there was a partnership was a question of mixed law and fact well within a master's authority to decide. *Seeman* v. *Eneix*, 272 Mass. 189. *Gunnison* v. *Langley*, 3 Allen 337. *Bradley* v. *Borden*, 223 Mass. 575.

In the *Seeman* case the court said that the finding of the master to the effect that there was no partnership, must stand.

There being a conflict as to the facts which were decisive of the question of partnership, such question was properly submitted to the jury as one of fact, under instructions as to what in law would constitute a partnership. *Adamson* v. *Guild*, 177 Mass. 331.

In the case of *Wheelock* v. *Zevitas*, 229 Mass. 167, 170, where one alleged partner sought to prevent plaintiff's recovery on the ground that another alleged partner had not been joined as a defendant (and where a jury found that there was no partnership), the court said "It is not enough that parties held themselves out as partners; this might be enough to charge them as defendants, either in contract, or for negligence or for want of skill; but the same

proof, when partnership was set up to prevent one from recovering, would wholly fail of establishing it."

Whether they were in fact partners depended upon the agreement of the parties. *McMurtrie* v. *Guiler*, 183 Mass. 451.

The trial court in its special findings of facts found "upon all the evidence that the relationship partaining to the account in question did not constitute a partnership". We agree.

Findings of fact made by the trial justice will not be disturbed if they can be sustained on any reasonable view of the evidence or unless they are wrong as a matter of law. *Barthrow* v. *Watertown Sq. Theatre*, 300 Mass. 223.

The trial court's general finding is conclusive if there is any evidence to support it. *Codman* v. *Beane*, 312 Mass. 570. *Kellogg* v. *Suber*, 329 Mass. 544.

We feel that there was not sufficient evidence to show as a fact that the two jobs at issue in this case were partnership jobs and we rule that the trial court's finding of fact that upon all the evidence the relationship pertaining to the account in question did not constitute a partnership was not wrong as a matter of law.

All of the defendant's requests for rulings were made inapplicable by the justice's special findings of facts.

There being no prejudicial error, an order should be entered dismissing the report.

FREDERIC WEINBERG, ESQUIRE

    for Plaintiff

LOUIS KERLINSKY, ESQUIRE

    for Defendant