McCann, J.
In this action, plaintiff seeks to enforce the terms of an arbitration agreement entered into by the parties on December 14, 1999. The matter is now before the court on plaintiffs motion for summary judgment. For the reasons that follow, plaintiffs motion is ALLOWED.

BACKGROUND

In February of 1999, defendants Vincent and Judith Rudzinski were involved in an automobile accident in which they both suffered personal injury. The Rudzinskis sought uninsured motorist benefits through their carrier MetLife Auto & Home. On September 20, 1999, the Rudzinskis made a demand for settlement with MetLife in the amount of $20,000.00 each. The demand letter indicated that Mr. Rudzinksi had accumulated $4,030.00 in medical bills and Mrs. Rudzinski had accumulated $3,852.00 in bills. After unsuccessfully attempting to settle the matter, on December 14, 1999, the parties agreed, in writing, to submit the matter to arbitration. The arbitration agreement provided for a hi/low limitation of $15,000/$6000.
The agreement itself was not signed by the Rudzinskis; rather, their attorney, Rickie T. Weiner signed on their behalf. He represented to the court that Joseph J. Cariglia, Esq. had obtained a written Power of Attorney from both clients authorizing him, or any attorneys in his office to sign any and all documents necessary to resolve any matter relating to the pending action.
An affidavit has been filed by Attorney Weiner asserting only that medicals have doubled and the defendant Judith Rudzinski had not come to a medical end. No affidavit was filed by Judith Rudzinski. No summary of any additional bills or medical reports were provided. There is nothing but a bald assertion by counsel of record.
Due to these circumstances and despite the agreement to arbitrate, Mrs. Rudzinski declined to submit her claim to arbitration. Plaintiff then filed the instant action seeking to enforce the agreement to arbitrate and now moves for summary judgment. Defendants do not challenge the agreement as to Mr. Rudzinski’s claim, rather, defendants seek to rescind the agreement as to Mrs. Rudzinski’s claim.

DISCUSSION

Summary judgment will be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that it is entitled to judgment in its favor. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). With respect to any claim on which the parly moving for summary judgment does not have the burden of proof at trial, that party may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or by “demonstrating that proof of that element is unlikely at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat the motion for summary judgment.” Pederson, 404 Mass. at 17. The opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment. LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
Defendants first allege that there are genuine issues of material fact as to whether the parties voluntarily and in good faith, based on the facts known at the time the agreement was signed and the facts now known, entered into a mutual arbitration agreement. The court disagrees. The undisputed material facts indicate that the parties entered into an agreement to arbitrate on December 14, 1999. At that time, counsel for both sides thought that Mrs. Rudzinski had reached a medical end result. The affidavit submitted is totally devoid of the specifics of any medical bills or reports. There is no affidavit filed by the defendant herself. Based upon these undisputed facts, the court can decide, as a matter of law, whether the agreement to arbitrate should be enforced.
As to this, defendants essentially assert that there was a mutual mistake in this matter as to the nature and extent of Mrs. Rudzinski’s injuries at the time they *526 entered into the agreement. In light of this, defendants contend that Mrs. Rudzinski should not now be compelled to arbitrate her claim. The court disagrees.
“Where there has been a mistake between the parties as to the subject matter of a contract, there has been no ‘meeting of the minds,’ and the contract is voidable at the election of the party adversely affected.” LaFleur v. CC Pierce Co., Inc., 398 Mass. 254, 257-58 (1986). “The mistake must be shared by both parties, and must relate to an essential element of the agreement.” Id. at 258. In this instance, the court finds that there was no mistake and, even assuming arguendo, there was a mistake, it is not of the type that warrants voiding the contract.
First, at the time Mrs Rudzinski entered into the agreement to arbitrate she was undergoing medical treatment. Although Attorney Weiner was not aware of this fact at that time, it still remains that his client was actively undergoing medical treatment. In light of this, neither Mrs. Rudzinski nor Attorney Weiner can now claim a mutual mistake when all along Mrs. Rudzinski knew that her medical treatment was ongoing.
Even assuming a mistake was shared by the parties, the mistake alleged by defendants was not to the existence of any of Mrs. Rudzinski’s injuries; rather, the mistake was to the nature and extent of her injuries. Such a mistake, however, does not present an occasion to set aside an otherwise valid contract. See Tewksbury v. Fellsway Laundry, Inc., 319 Mass. 386 (1946) (court declined to set aside release for personal injuries where, after executing release, injuries proved more serious than parties originally believed them to be); compare with LaFleur, 398 Mass. 254 (court distinguishing Tewksbury and adopting “unknown injury rule” in which contract may not be enforceable where parties mistaken at time of agreement as to existence of an injury).
Accordingly, the court finds that the agreement to arbitrate is valid and enforceable.
ORDER
For the foregoing reasons, plaintiffs motion for summary judgment is ALLOWED.